WEST FLAGLER AMUSEMENT CO., INC., v. STATE RACING COMMISSION, MIAMI BEACH KENNEL CLUB, INC., and BISCAYNE KENNEL CLUB, INC.

165 So. 64.

En Banc.

Opinion Filed December 13, 1935.

*Loftin, Stokes & Calkins,* for Petitioner;

*T. C. Futch, McKinney Barton, Carl T. Hoffman* and *L. L. Robinson,* for Respondents.

DAVIS, J.—This is a writ of certiorari to have brought up and quashed an order of the State Racing Commission

made under Section 2 of Chapter 17276, Acts of 1935, General Laws of Florida, relating to the apportionment of dog racing dates in Dade County, Florida, between the petitioner, West Flagler Amusement Co., Inc., and Biscayne Kennel Club, Inc., and Miami Beach Kennel Club, Inc. The charge of illegality is unjust and unlawful discrimination on the part of the respondent Racing Commission amounting to an abuse of authority entitling the petitioner, as one aggrieved thereby, to seek judicial relief against the Commission's action.

In State, *ex rel* Pinellas Kennel Club, Inc., v. State Racing Commission, 116 Fla. 143, 156 Sou. Rep. 317, it was held that where the State Racing Commission's statutory powers are arbitrary or clearly erroneously exercised, their action is reviewable and subject to judicial avoidance in mandamus proceedings, where no other adequate legal remedy exists. Compare: State, *ex rel*. Tullidge v. Driskell, 117 Fla. 717, 158 Sou. Rep. 277; State, *ex rel*. Hollingsworth, 103 Fla. 801, 138 Sou. Rep. 372, and State, *ex rel*. Williams, v. Whitman, 116 Fla. 196, 156 Sou. Rep. 705. On the other hand, in the case of Six Mile Creek Kennel Club, Inc., v. State Racing Commission, 119 Fla. 142, 161 Sou. Rep. 58, the use of a writ of certiorari against an alleged illegal order of the State Racing Commission revoking a permit and license to conduct dog races, on the ground of alleged nonpayment of fees, was allowed and recognized as an appropriate remedy for the situation there complained of.

So the point to be decided at the outset of this case is whether or not certiorari is an appropriate legal remedy for reviewing and quashing an order of the State Racing Commission made under authority of the quasi-legislative powers vested in such Commission by Section 2 of Chapter 14832,

Acts of 1931, as amended by Section 2 of Chapter 17276, Acts of 1935, General Laws of Florida, with reference to the exercise of the powers given under paragraph (1) of said Section to fix and set the dates for racing in any county where there are one or more licensed horse or dog tracks.

In State, *ex rel.* Williams, v. Whitman, 116 Fla. 196, 156 Sou. Rep. 705, the nature and quality of the statutory functions of legislative creations such as the State Racing Commission were adverted to in the following language which is quoted from that opinion:

"Legislative developments in recent years have brought into existence administrative tribunals set up by law and vested with limited statutory powers to make and enforce rules and regulations and to render factual decisions on conflicting issues that amount in substance to delegated exercises of special legislative and executive, and sometimes judicial, functions. Thus a vast extension of the field of governmental operations and control of things heretofore left unregulated by special provisions of law has been accompanied by the creation of administrative agencies possessing the advantage of dispensing with ordinary formalities and delays usually found unavoidable in court proceedings or the ordinary functioning of the Legislature."

In that opinion also the distinction was clearly drawn between the quasi-legislative and quasi-judicial functions of administrative commissions, the test of the quasi-judicial function being whether or not the statutory tribunal had exercised a statutory power given it to make a *decision* having a judicial character or attribute and consequent upon some notice or hearing provided to be had before it as a condition for the rendition of the particular decision made. Unless, therefore, a particular decision complained of can

be said to have a judicial quality or attribute sufficient to stamp it as a quasi-judicial, as distinguished from a quasi-legislative or quasi-executive commission function, certiorari, which is a remedy limited solely to judicial or quasi-judicial determinations, will not lie. Sirmens v. Owens, 87 Fla. 485, 100 Sou. Rep. 734.

A judicial or quasi-judicial act determines the rules of law applicable, and the rights affected by them, in relation to past transactions. On the other hand, a quasi-legislative or administrative order prescribes what the rule or requirement of administratively determined duty shall be with respect to transactions to be executed in the future, in order that same shall be considered lawful. But even so, quasi-legislative and quasi-executive orders, after they have already been entered, may have a quasi-judicial attribute if capable of being arrived at and provided by law to be declared by the administrative agency only after express statutory notice, hearing and consideration of evidence to be adduced as a basis for the making thereof. Compare: State, *ex rel.* Swearingen, v. Railroad Commissioners, 79 Fla. 526, 84 Sou. Rep. 444, with Florida Motor Lines v. Railroad Commissioners, 100 Fla. 538, 129 Sou. Rep. 876.

It will thus be seen that where an order of an administrative board, bursar, or commission is purely administrative, or quasi-legislative, or quasi-executive, in character and quality, that such an order is not capable of being reached or affected by the writ of certiorari unless, as an incident to the arriving at or making of such order by the promulgating authority, a notice and hearing, judicial in nature, is required by law to be observed as a condition precedent to the commission, board or bureau's exercise of the quasi-legislative or quasi-executive power comprehended in the terms of the order it attempts to enunciate. See: State, *ex rel.*

Swearingen v. Railroad Commissioners, 79 Fla. 526, *supra;* Florida Motor Lines v. Railroad Commissioners, 100 Fla. 538, *supra;* Sirmans v. Owens, 87 Fla. 485, *supra.**

A bare inspection of paragraph (1) of Section 2 of Chapter 17276, Acts 1935, supports the contention of the respondent State Racing Commission in this case that the statutory powers thereby vested and authorized to be exercised by the Commission are wholly devoid of any judicial attributes or quality, procedural in nature, or otherwise, therefore certiorari is not an available remedy to attack an order of the Commission purporting to have been made solely under authority of that paragraph and section of the 1935 statute. The writ of certiorari is accordingly quashed and the proceeding dismissed without prejudice to the maintenance of petitioner's mandamus proceeding now pending in this Court and involving the same identical controversy comprehended in the instant case.

Certiorari quashed without prejudice to maintenance of appropriate proceedings for same relief.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

---

*See also: Florida v. United States, 282 U. S. 194 (215), 51 Sup. Ct. Rep. 119, 75 L. Ed. 291, where the legal effect of quasi-jurisdictional findings *as a condition precedent* to the exercise of authority to enter a quasi-legislative order is discussed and the quasi-judicial aspect of the *procedure* leading up to the making of a quasi-legislative order pointed out. In making the reference hereinabove set forth it is not to be assumed that even quasi-judicial or judicial orders may not, under certain circumstances, be reviewable only by mandamus. Compare: State, *ex rel.* Melbourne State Bank, v. Wright, 107 Fla. 178, 145 Sou. Rep. 598.