STATE ex rel. FONS A. HATHAWAY v. BOYCE WILLIAMS, M. J. FOLLEY and W. R. RITZAUR, as members of the Florida Industrial Commission.

5 So. (2nd) 269                                          En Banc
December 15, 1941        Rehearing Denied January 2, 1942

Frank D. Upchurch, George C. Bedell, H. E. Carter and W. G. Starry, for petitioner.

J. Tom Watson, Attorney General, D. Stuart Gillis, Lawrence A. Truett, and Lewis W. Petteway, Assistant Attorneys General, and Burnis T. Coleman, for respondents.

TERRELL, J.:

On February 26, 1941, petitioner was advised by the Governor that his services as Director of the Florida State Employment Service would be "terminated on March 14, 1941, because of inefficient operation of the service as a whole." A detailed specification of the grounds for termination was included.

Petitioner appealed to the Merit System Council where he was given a formal trial on the grounds for terminating his services. This trial resulted in a recommendation that the dismissal of petitioner as Director of the Florida State Employment Service be sustained. On appeal to the Florida Industrial Commission, the judgment of the Merit System Council was affirmed. The judgment of the Florida Industrial Commission affirming the judgment of the Merit System Council is brought here for review by certiorari.

A review of this judgment necessitates an interpretation of pertinent provisions of the Florida. Unemployment Compensation Law, Chapter 18402, Acts of 1937. The purpose of said act was to relieve

involuntary unemployment, to declare the policy of the State with reference to unemployment, to provide a state agency to cooperate with the Federal Government in the administration of the Wagner-Peyser Act, and to receive the benefits of the latter Act. The Wagner-Peyser Act provides for the creation of a national employment system and extends aid and cooperation to the states in the promotion of such a system.

To make the provisions of the Wagner-Peyser Act available, Section Four requires the state to formally accept its provisions and to provide a state agency clothed with power to cooperate with the United States Employment Service. Section Eight requires such state agency to submit to the Director of the United States Employment Service detailed plans for effecting the purposes of the act and such plans will not be approved until shown to be adequate for that purpose. Section Nine requires the state agency to make reports regularly concerning its operation and makes it the duty of the Director to keep informed as to whether the state is administering the act in accordance with the rules and regulations and the standard of efficiency prescribed by the Director.

Section Thirteen of the Florida Unemployment Compensation Law enacts that the provisions of the Wagner-Peyser Act "are hereby accepted by this State, in conformity with Section 4 of said Act, and this State will observe and comply with the requirements thereof. The Florida Industrial Commission is hereby designated and constituted the agency of this State for the purposes of said Act."

Section Eleven of the Florida Unemployment Compensation Law provides for the creation in the Florida

Industrial Commission of two coordinate divisions, one to be the Florida State Employment Service which shall be administered by a full time salaried Director. Section Eleven also provides:

"The Governor shall appoint the directors of the Unemployment Compensation Division of the Florida State Employment Service. Such officers shall hold office at the will of the Governor. . . ."

Section 12 D, Florida Unemployment Compensation Law is as follows:

"The Commission shall classify positions under this Act and shall establish salary schedules and minimum personnel standards for the positions so classified. It shall provide for the holding of examinations to determine the qualifications of applicants for the positions so classified, and except for temporary appointments of not to exceed six months in duration, such personnel shall be appointed on the basis of efficiency and fitness as determined in such examinations. The Commission shall establish and enforce fair and reasonable regulations for appointments, promotions, and demotions based upon ratings of efficiency and fitness and for termination for cause."

The record discloses that prior to December, 1938, there had been friction between the Florida Industrial Commission and the United States Employment Service with reference to the administration of the unemployment compensation laws. The differences were reconciled and it was agreed that on acceptance of the Wagner-Peyser Act, a Director of the Florida State Employment Service would be appointed under the merit system pursuant to Section 12 D as quoted. The petitioner offered himself for and took all six examinations offered and was high man in the exam-

ination for Director, to which position he was appointed by the Governor who was party to the agreement.

In April, 1940, in order to comply with amendments to the Federal Social Security Act, the Florida Industrial Commission promulgated Regulation Number 6, as follows:

"In order to assure an effective and economical administration of the Unemployment compensation Law, and provide equal opportunity for all qualified persons to compete for positions in the Unemployment Compensation Division, the Employment Service Division and Staff Departments, the Florida Industrial Commission had adopted the merit principle of personnel administration as provided for in Section 12 D of the Florida Unemployment Compensation Law. . . .

"It will be the policy of the Florida Industrial Commission to make possible a career in the service and by making promotions based on efficient work and providing tenure in office for those who give satisfactory performance.

"This Regulation shall apply to all personnel of the Unemployment Compensation Division, the Employment Service Division and the Staff Departments responsible for the administration of the Florida Unemployment Compensation Law of the Florida Industrial Commission and appointments shall be made in conformity with this Regulation except the exempt positions as defined in Article I, paragraph 7 of this Regulation."

Paragraph Seven of Article One of the Regulation defines exempt positions to be Chairman and members of the Florida Industrial Commission, members of

the Board of Review, members of the Merit System Council, all personnel of the Workman's Compensation Division, and Confidential Secretary of the Florida Industrial Commission. The Director of the Florida State Employment Service is not included in this list but was included in the classified service and appointed under the merit system created by Regulation Six, pursuant to Section 12 D. It is further shown that he completed his probationary period as provided by the merit system and his tenure became permanent or "during good behavior and the satisfactory performance of his duties as recorded by his service rating" subject to removal for cause.

It will thus be seen that Section 11 and 12 D are in apparent conflict in so far as they provide for the appointment of the Director of the Florida Employment Service. Both provisions should be construed to harmonize and be given a field of operation if possible. The declared policy of the Act was to improve the personnel efficiency by making appointments under the merit system and thereby encourage efficient and faithful service. Such was the policy of the United States Employment Service with which the State Employment Service was required to cooperate.

The essential question with which we are confronted may be stated as follows: Is the appointment and tenure of petitioner as Director of the Florida State Employment Service subject to the "will of the Governor" or was it made under the merit system and now subject to termination only for cause, he having completed his probationary period?

If the Florida State Employment Service unconnected with the Wagner-Peyser Act was all that was involved, the question would be simple and might be

answered by holding that the appointment and tenure were subject to the will of the Governor. But we are confronted instead with a pact on the part of the Federal Government under the Wagner-Peyser Act and the State Government under the Florida Unemployment Compensation Law. Whether petitioner holds a job or an office is not material at this time. Our view is that he holds a job since he is subject at all times to the supervision and direction of the Florida Industrial Commission. Both sovereignties are committed to the merit system as a means of naming personnel to the Workman's Compensation Division other than the exceptions enumerated.

We have heretofore pointed out the circumstances under which the United States Employment Service exacted and the Florida Industrial Commission agreed that the Director of the Florida State Employment Service would be appointed under the merit system. The Governor at that time was party to this agreement, had knowledge of the provisions of Section Eleven and Twelve as here quoted but acted pursuant to the latter and named petitioner because he secured the highest mark in the examinations held under the merit system. When this was done and petitioner completed his probationary period as provided under the merit system, we think his tenure became permanent, subject to removal for cause.

We think this was implicit and explicit in the agreement between the State and Federal governments whereby the State accepted the provisions of the Wagner-Peyser Act and in doing so gave the Director of the United States Employment Service carte blanche to determine when it had provided adequate facilities for effecting the purposes of the Act. The

record further discloses that for many years 1939 and 1940, the Federal Government gave expression to its good faith in its pact with the State by making available several hundred thousand dollars per year for the support of the service while for the same period, the State made available $35,000 per year.

We think both sections of the statute may be construed to operate and give effect to the good faith of the State in the transaction. That is to say, prior to the completion of the probationary period, the Governor may appoint the Director of the Florida State Employment Service from the list of eligibles under the merit system and cut off his tenure at will, but after the probationary period is completed and he is approved for permanent tenure, he is subject to removal for cause only. The letters of February 26 and March 13, 1941, notifying petitioner of the termination of his tenure show clearly that such was the understanding of the Governor as they recite that the termination was for "inefficient operation of the service as a whole" followed by a list of specifications. Thus, in his letter of March 13th, the Governor said: "My letter of February 26th gave you fifteen days notice of this action with specified reasons therefor in writing by the regulations of the Merit System."

Article Thirteen of Regulation Six provides for appeal from the order of termination or suspension to the Merit System Council and thence to Florida Industrial Commission. Before the Merit Council, he may have evidence and counsel in his behalf. He is given the full benefit of trial and to warrant removal there must be competent legal evidence to prove the charges against him. The Merit System Council and the Florida Industrial Commission took jurisdiction

of petitioner's appeal and thereby recognized his appointment and tenure under the merit system.

The test of the Governor's power to remove for cause is not left in doubt but is stated in Regulation 6, Amended, promulgated by the Florida Industrial Commission by virtue of the Florida Unemployment Compensation Law which states it to be failure in "good behavior and the satisfactory performance of his duties as recorded by his service rating." The charges in this case go to failure in the satisfactory performance of his duties; his behavior is not brought in question. Such charges should be specific and definite warranting removal under the test. The evidence as a whole must show such an unsatisfactory performance of duty as the law and a sound public opinion approve.

The Merit System Council made no finding of fact but stated its conclusion that the dismissal of petitioner as Director of the Florida State Employment Service was for cause within the meaning of Regulation 6 as amended. The Florida Industrial Commission merely affirmed this action. We find little or no legal evidence to support the order of the Florida Industrial Commission. It tends to show that a few incompetents were employed in some of the local offices, that the petitioner was not always cooperative, and that he appointed his daughter to a position over another of higher rating, but she was shown to be competent and being so, that is far from overcoming his service rating. We are therefore driven to the conclusion that an erroneous rule of law was applied to the evidence or that its legal effect was misconceived.

The Merit System Council is clothed with the important duty of trying impartially the issue of whether or not petitioner performed his duty as recorded by his service rating. A reading of the statute can leave no doubt of this and that is the sole guide that we or they have to follow. It would be difficult to set up a merit system in more comprehensive terms and while employees under it may be removed for cause, it accords them a fair trial to decide this point.

Article Fifteen of Regulation Six requires that the Director's service rating be made every six months by the personnel officer in consultation with the appointing authority. It is based on the quality and quantity of work performed and is required to be made the basis for salaries, promotions, demotions, and suspensions. The personnel officer certified petitioner's service rating to be 100 per cent in January, 1941. We find no evidence that tends to overcome this rating or even to challenge it.

Respondents ignore the provision of Section 12 D and all that was done under it and rest the case primarily on the part of Section Eleven making the appointment of petitioner at the will of the Governor. This contention sets at naught every known rule of statutory construction. It also abandons the theory on which petitioner was tried and notified of his removal. We think both provisions of the act can be made to operate; the respondents proceeeded on that theory and failed to sustain their position. It is perfectly competent for the legislature to create a position and provide for a limited or unlimited appointment. We think Section 12 D is nothing more than a limitation on Section Eleven. The Governor at the time so construed it. It is the only way to give

effect to both sections and is not an unreasonable interpretation. It accords with the policy of reviewing suspensions by the Senate before they become final.

On the question of whether or not the finding of the Florida Industrial Commission can be reviewed on certiorari, little need be said. The termination of petitioner's employment having been accomplished in the manner stated was quasi judicial in nature and subject to review on certiorari. Florida Motor Lines v. Railroad Commsision, 100 Fla. 538, 129 So. 876; West Flagler Amusement Company Inc. v. State Racing Commission, 122 Fla. 222, 165 So. 64.

The writ of certiorari is granted, the order of the Merit System Council as approved by the Florida Industrial Commission is without support in the record and is therefore quashed.

BROWN, C. J., WHITFIELD, and THOMAS, JJ., concurs specially.

BUFORD, ADAMS and CHAPMAN, JJ., concur.

WHITFIELD, J., concurs specially:

A petition was filed here for a writ of certiorari to review a final order of the Florida Industrial Commission, a State Administrative board, ratifying and confirming the "dismissal" of the petitioner as Director of the Florida State Employment Service. Such "dismissal" was an executive order of the Governor which "terminated" the "services" of petitioner "as Director of the Florida State Employment Service."

It is in effect alleged as follows:

That on December 1, 1938, petitioner was duly appointed by the then Governor to the office of Director of the Florida State Employment Service

as provided by Section 11 of the Florida Unemployment Compensation Law and thereupon immediately entered upon the discharge of his duties as such, and continued to discharge and perform those duties . . . down to 12:00 o'clock noon on March 14, 1941.

That on February 26, 1941, petitioner received from the Governor of Florida an executive communication or notice as follows:

"Your services as Director of the Florida State Employment Service are to be terminated on March 14, 1941, because of inefficient operation of the Service as a whole."

Then follow nine specifications or grounds for the Executive termination of the petitioner's service as such Director.

That on March 13, 1941, petitioner received a further communication from the Governor as follows:

"Dr. Fons A. Hathaway, Director
"Florida State Employment Service
"Tallahassee, Florida

"Dear Dr. Hathaway:

"Not having been presented with your resignation, it is not necessary to notify you that your services as Director of the Florida State Employment Service are terminated as of Noon, Friday, March 14, 1941.

"My letter of February 26 gave you fifteen days notice of this action with specified reasons therefor in writing as provided by the regulations of the Merit System.

"Very truly yours,
"(s) Spessard L. Holland
"Governor."

That on March 25, 1941, "petitioner pursuant to the provisions and under authority of Amended Regulation No. 6 of the Florida Industrial Commission, Article 13, Section 4, Paragraph 1, filed his appeal to the Merit System Council of Florida, . . . praying that this appeal be heard with the right to present witnesses and give evidence before the Merit System Council, as provided by Amended Regulation No. 6, to the end that it may be determined whether the charge of inefficiency on which appellant was dismissed as Director of the Florida State Employment Service, has been sustained, and if it shall be found that said charge of inefficiency and the reasons specified in the executive communication of February 26, 1941, have not been sustained or are insufficient in law, that appellant be reinstated in his position as Director of the Florida State Employment Service, as contemplated by the Florida Unemployment Compensation Law and Amended Regulation No. 6, adopted pursuant thereto."

That on April 3, 1941, a formal hearing or trial before the Merit System Council of the Florida Industrial Commission was begun and testimony was taken:

That on May 13, 1941, the Merit System Council of the Florida Industrial Commission pursuant to amend Regulation No. 6, Article 13, Section 4, Paragraph 2, of the Florida Industrial Commission, made its recommendation in writing to the appointing authority for consideration by the Commission, the recommendation concluding as follows:

"1. That not less than fifteen days prior to the effective date of his dismissal the appellant was given notice of such dismissal in writing, which notice

stated specific reasons therefor, as required by Regulation No. 6, as amended of the Florida Industrial Commission, stating: 'Your services as Director of the Florida State Employment Service are to be terminated on March 14, 1941, because of inefficient operation of the service as a whole.' and enumerating certain specific instances.

"3. That the dismissal of Dr. Hathaway, as Director of the Florida Employment Service was for cause within the meaning of Regulation No. 6, as amended.

"Wherefore, this Council recommends that the dismissal of Dr. Fons A. Hathaway, as Director of the Florida State Employment Service, be sustained."

That on May 23, 1941, the Florida Industrial Commission made and filed in said cause its decision on the trial appeal of Dr. Fons A. Hathaway, wherein it recites, among other things, that:

"(f) The consideration by the Commission of the recommendation of the Merit System Council and the transcript of the testimony and proceedings had at such hearing the said decision of the Florida Industrial Commission thereupon being as follows:

'Now, Therefore, After consideration of the Council's said recommendation, as well as the testimony and proceedings taken and had at such hearing as recorded in the transcript thereof, the Florida Industrial Commission does hereby make its decision, which shall be final and which shall be duly recorded in the permanent records of the Commission, as provided in Regulation No. 6, amended, of the Commission:

'It is hereby found and resolved by the Florida Industrial Commission, in regular meeting duly held at Tallahassee, Florida, this 23 day of May, 1941, that Dr. Fons A. Hathaway was duly dismissed as Director

of the Florida State Employment Service for cause, effective March 14, 1941, within the meaning of said Regulation No. 6, as amended, and said dismissal is hereby ratified and confirmed.

'It is further resolved that Dr. Fons A. Hathaway be promptly notified of this decision, as provided in Section 4 of said Regulation No. 6, amended, and that this decision be duly recorded in the permanent records of the Commission.

'This 23 day of May, A. D. 1941.' "

The petition for certiorari concludes as follows:

"Your petitioner, therefore, is advised and believes and respectfully represents unto this Honorable Court that the said decision of the Florida Industrial Commission is erroneous, is not supported by the evidence, is in violation of the established principles of law, is a palpable miscarriage of justice, and results in substantial injury to petitioner, and petitioner assigns the following reasons relied on for granting of a writ of certiorari:

"I.  In the said decision or order and the antecedent proceedings upon which it is based, there was a failure to accord to uncontradicted credible testimony taken before the Merit System Council and by it reported to the Commission, the probative effect attributed to it by law to the prejudice of petitioner and in deprivation of rights accorded him by law.

"II.  In the said decision or order and the antecedent proceedings upon which it is based, there was a failure to comply with the essential requirements of law resulting in a palpable miscarriage of justice and a substantial injury to petitioner, and petitioner, has no other remedy.

"III. The said decision of the Florida Industrial Commission ratifying and confirming petitioner's dismissal as Director of the Florida State Employment Service was contrary to and in violation of the provisions of Chapter 18402, Laws of Florida, Acts of 1937, as amended by Chapter 19637, Acts of 1939, known as the Florida Unemployment Compensation Law, and Amended Regulation No. 6 promulgated under authority thereof, and particularly that part of Section 12 D of Chapter 18402, Acts of 1937, which reads as follows: 'The Commission shall establish and enforce fair and reasonable regulations for the appointments, promotions, and demotions based upon rating of efficiency and fitness for terminations for cause.'

"IV. The said decision of the Florida Industrial Commission was contrary to and in violation of the spirit and intent of the Act of Congress entitled 'An Act to provide for the establishment of a National Employment System and for the cooperation with the States in the promotion of such system and for other purposes,' approved June 6, 1933, the provisions of which Act of Congress as amended were accepted by the State of Florida in the enactment of Chapter 18402, Laws of Florida, Acts of 1937, and to the observance of which said Act of Congress the State is pledged, as appears in Section 13A of Chapter 18402, Laws of Florida, Acts of 1937, as amended by Chapter 19637, Acts of 1939, as follows:

" 'The provisions of the said Act of Congress, as amended, are hereby accepted by this State, in conformity with Section 4 of said Act, and this State will observe and comply with the requirements thereof.'

"V. The reasons stated for petitioner's dismissal and which were ratified and confirmed by the said decision of the Florida Industrial Commission do not constitute 'cause' within the contemplation, intent, or spirit of Chapter 18402, Laws of Florida, Acts of 1937, as amended, or Amended Regulation No. 6 of the Florida Industrial Commission promulgated under authority of said Act.

"VI. The said decision of the Florida Industrial Commission violates the spirit and purpose of the Merit System authorized by and set up and established under Chapter 18402, Laws of Florida, Acts of 1937, as amended.

"Petitioner submits herewith copies of Amended Regulation No. 6, of the Florida Industrial Commission, relating to Merit System and personnel administration, effective April 4, 1940, and Revised Regulation No. 27, establishing administrative units and functions thereof, effective December 5, 1939, and asks that the same be taken and considered by the Court in connection with the Florida Unemployment Compensation Law and applicable provisions of the Federal Law in a consideration of this petition and of the rights of petitioner under the showing here made.

"Wherefore, your petitioner prays that a writ of certiorari be issued out of and under the seal of this Court directed to the respondents as members of and constituting the Florida Industrial Commission to certify and send to this Court a full and complete transcript of the record of all proceedings in the said cause wherein the said Florida Industrial Commission on the 23rd day of May, A.D. 1941 made and entered its decision on the appeal of Dr. Fons A. Hathaway to the Merit System Council of the Florida Industrial

Commission from the said order of dismissal dated March 13, 1941, and that said transcript of the record of proceedings include all papers and orders referred to in said decision of the Florida Industrial Commission dated May 23, 1941, as having been submitted by the Merit System Council for consideration by the Commission, including a transcript of the testimony and proceedings taken and had at the hearing before the Merit System Council and which was stated to have been considered by the Florida Industrial Commission in arriving at and making its said decision, to the end that said cause be reviewed and determined by this Court as provided by law and the rules of this Court, and that the said decision or order of the Florida Commission in said cause may be quashed by this Honorable Court."

An Act of Congress provides:

Sec. 49c. Acceptance by States; creation of State agencies

"In order to obtain the benefits of appropriations apportioned under section 49d of this chapter, a State shall, through its legislature, accept the provisions of this chapter and designate or authorize the creation of a State agency vested with all powers necessary to cooperate with the United States Employment Service under this chapter. (June 6, 1933, c. 49, sec. 4, 48 Stat. 114.)" 29 United States Code Annotated p. 14 of 1940 Cum. Ann. Pocket Part.

Section 44 of Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, effective July 1, 1937, contains the following:

"(a) As a guide to the interpretation of this Act, the Legislature takes due notice of Federal Social and Labor Acts and hereby creates an agency to admin-

ister such Acts passed for the benefit of employees and employers in Florida industry, and desires to meet the requirements of such Federal Acts wherever not inconsistent with the Constitution and Laws of Florida.

"(b) There is hereby created the Florida Industrial Commission, to consist of the Workmen's Compensation Division and such other divisions as may be created by law. The Commission shall consist of a Chairman and two other members to be appointed by the Governor. . . .

"(c) Except as otherwise specifically provided the Florida Industrial Commission shall administer the provisions of this Act and for such purpose the Commission is authorized (1) to make such rules and regulations as may be necessary to effectuate the purposes of this Act; (2) to appoint and fix the compensation of such temporary technical assistants and medical and legal advisors, and, subject to existing laws regulating the selection, grading and compensation of employees of other State Departments, to appoint and fix the compensation of clerical assistants and other officers and employees; . . ." (Acts of 1937, p. 1367).

Chapter 18402, Acts of 1937, effective June 9, 1937, expressly repealed Chapter 17270, Acts of 1935, and contains the following:

"Section 11. Administrative Organization.—A. There are hereby created in the Florida Industrial Commission two coordinate divisions, the Florida State Employment Service division, created pursuant to Section 13 of this Act, and a division to be known as the Unemployment Compensation division, each of which shall be administered by a full-time salaried

director, who shall be subject to the supervision and direction of the Commission. . . . The Commission is authorized to prescribe the duties of the director of the Unemployment Compensation Division and of the Florida State Employment Service.

"The Governor shall appoint the directors of the Unemployment Compensation Division and of the Florida State Employment Service. Such officers shall hold office at the will of the Governor. The Governor shall fix the compensation of such officers in a sum not exceeding $5,000 per year for their services, to be paid as the salaries of the employees under this Act are paid. . . .

"Section 12. A. Duties and Powers of Commission.—It shall be the duty of the Commission to administer this Act; and it shall have power and authority to adopt, amend, or rescind such rules and regulations, to employ such persons, make such investigations, and take such other action as it deems necessary or suitable to that end. Such rules and regulations shall be effective upon publication in the manner, not inconsistent with the provisions of this Act, which the Commission shall prescribe. . . .

"D. Personnel.—Subject to other provisions of this Act, the Commission is authorized to appoint, fix the compensation, and prescribe the duties and powers of such employees, accountants, attorneys, experts, and other persons as may be necessary in the performance of its duties under this Act; provided, however, the Commission shall pay no employee a monthly compensation exceeding $300. No person shall be employed by the Commission nor shall the Commission authorize the payment of any compensation to any person employed under this Act who has

not been a resident of the State of Florida for at least five years immediately preceding his employment. The Commission may delegate to any person such power and authority as it deems reasonable and proper for the effective administration of this Act, and may in its discretion bond any person handling monies or signing checks hereunder, the cost of such bonds shall be paid from the unemployment compensation administration fund. The Commission shall classify positions under this Act and shall establish salary schedules and minimum personnel standards for the positions so classified. It shall provide for the holding of examinations to determine the qualifications of applicants for the positions so classified, and except for temporary appointments of not to exceed six months in duration, such personnel shall be appointed on the basis of efficiency and fitness as determined in such examinations. The Commission shall establish and enforce fair and reasonable regulations for appointments promotions, and demotions based upon ratings of efficiency and fitness and for terminations for cause." Par. D Sec. 12, 18402, Acts of 1937.)

"Section 13. State Employment Service.—A. The Florida State Employment Service is hereby established in the Florida Industrial Commission as a division with a separate administrative unit with respect to personnel, budget, and duties, except insofar as the Commission may find that such separation in local offices is impractical because of the small size of the territory served or of the volume of work done, which division shall be responsible for the discharge of its distinctive functions. The Commission, through such division, shall establish and maintain free public employment offices in such number and in such places

as may be necessary for the proper administration of this Act and for the purposes of performing such duties as are within the purview of the Act of Congress entitled 'An Act to provide for the Establishment of a National Employment System and for Cooperation with the States in the promotion of such System, and for Other Purposes,' approved June 6, 1933 (48 Stat. 113; U.S.C., Tit. 29, Sec. 49 (c), as amended. It shall be the duty of the division to cooperate with any official or agency of the United States having power or duties under the provisions of the Act of Congress, as amended, and to do and perform all things necessary to secure to this State the benefits of said Act of Congress, as amended, in the promotion and maintenance of a system of public employment offices. The provisions of the said Act of Congress, as amended, are hereby accepted by this State, in conformity with section 4 of said Act, and this State will observe and comply with the requirements thereof. The Florida Industrial Commission is hereby designated and constituted the agency of this State for the purpose of said Act. The Commission is authorized and directed to appoint sufficient employees to carry out the purposes of this section."

Amended Regulation No. 6 referred to is quite lengthy and need not be quoted here.

The Constitution provides that:

"The legislature shall provide for the election by the people or appointment by the Governor of all State and County officers not otherwise provided for by this Constitution, and fix by law their duties and compensation." Sec. 27, Art. III.

The statute creates "the Florida State Employment Service division" in the Florida Industrial Commis-

sion "which shall be administered by a full-time salaried director." "The Governor shall appoint the director," who "shall hold office at the will of the Governor." For the prior law see Section 3, Chapter 17270, Acts of 1935, repealed by Section 22, Chapter 18402, Acts of 1935.

When the petitioner accepted appointment as Director by the Governor he took only the tenure that is specifically and separately prescribed by the statute which created the position of Director. Such tenure is "at will of the Governor." The statutory provisions for the appointment of a Director of the State Employment Service under the Florida Industrial Commission and the tenure of such Director are separate and distinct from other provisions of the statute and are complete in themselves without dependent reference to other provisions of the statute; and general provisions relating to the authority and duties of the Florida Industrial Commission are expressly made subject to other provisions of the statutes. See first lines in paragraphs (c) and (D), quoted above. Specific enactments of statutory provisions determine questions of policy involved in the enactments. Section 3 Chapter 17270 Acts of 1935, provides for the appointment of the Director of the Florida State Employment Service to be made by the administrative board, Chapter 18402 Acts of 1937, provides for the appointment of such Director by the Governor, and by Section 22 expressly repeals Chapter 17270.

It is in effect contended for the Petitioner that though the Florida statute provides that "the Governor shall appoint the Director of the Florida State Employment Service;" and that "such officer shall hold office at the will of the Governor," yet in view

of other provisions of law "the Petitioner's tenure is by law during good behavior and the satisfactory performance of his duties as required by this service rating."

It is argued in support of the above contention that other statutory provisions than those quoted in the last preceding paragraph are based upon an Act of Congress approved June 6, 1933, Chapter 49, Section 4, 48 Statutes 114, Title 29 U.S.C. Section 49c, and afford a basis for the contention made. Reference is made to Sections 12 and 13, Chapter 18402, Acts of 1937, above quoted, and to regulations adopted by the Florida Industrial Commission. Portions of Chapter 18413, Acts of 1937, above quoted, and the repeal of Chapter 17270, Acts of 1935, are also pertinent here. Such statutes relate to the duties of officers and of employees, to administrative matters, and to appointments of employees and other persons such as "temporary technical assistants and medical and legal advisors" and accountants "except as otherwise specifically provided" or "subject to other provisions of this Act," paragraphs (c) and (D), above quoted. Officers, members of the Commission, and the Directors are required by the statute Chapter 18402 to be appointed by the Governor. Chapter 18402, Acts of 1937, Section 22, expressly repealed Chapter 17270, Acts of 1935, which in its section provided otherwise for the appointment of a Director of the Florida State Employment Service.

The quoted Act of Congress does not purport to regulate the executive powers and duties of the Governor, or the tenure of any person appointed by the Governor under the Constitution and laws of the State of Florida; but the Act specifically provides that "to

obtain the benefits of Federal appropriations" "a State shall, through its Legislature, accept the provisions of" the Act of Congress "and designate or authorize the creation of a State agency vested with all powers necessary to cooperate with the United States Employment Service under the" Act. Such provisions contemplate State actions pursuant to State powers.

The rules and regulations authorized by the statute to be adopted by the Florida Industrial Commission, a statutory administrative board, do not and. cannot legally control or regulate appointments by the Governor or the tenure of such appointees under the constitution and laws of Florida. Such rules and regulations do not apply when it is "otherwise provided" in the Act, paragraph (c) quoted above, and are "subject to other provisions of this Act," paragraph (D), above quoted. The merit system. operates under the statute but it does not affect the power to appoint or the tenure of those appointed by the Governor, under the *express specific provisions* of the statute which create the position and fix the tenure of the appointee who accepts an appointment under the statute.

Though the Florida Industrial Commission may, within its statutory authority, regulate the duties of Directors of the State Employment Service, the Commission does not under the statute have authority to regulate appointments of such Directors or their tenure of service, when the statute *expressly* provides for appointment of them by the Governor and fixes their tenure, and also provides that the authority conferred on the Commission is "subject to other provisions of this Act." Paragraphs (c) and (D) above.

The fact that a review by an administrative board was had of the executive order terminating the services of the Governor's appointee which is fixed by the statute to be "at the will of the Governor," does not control a judicial construction or interpretation of the entire statute under the constitution, as to the authority for such review, or afford authority to make such review by appeal or otherwise to the Merit System Council or to the Florida Industrial Commission.

The Director of the State Employment Service is expressly required to be appointed by the Governor, and the tenure of such Director is by the statute made to be "at the will of the Governor." There is no showing of a superior law changing or regulating the tenure of such Director; nor is such statutory tenure of the Director shown to be modified by anything in the statutes. General authority conferred upon the Florida Industrial Commission by the statute is expressly made subject to other specific statutory provisions for the appointment of and fixing the tenure of service of the Director of the State Employment Service. See par. (c), Sec. 44, Ch. 18413, and par. (D), Sec. 12, Ch. 18402, both being quoted above.

When the tenure of an appointee of the Governor is "at the will of the Governor," the appointee accepts subject to the expressed limitation of tenure, and the termination of such tenure by appropriate executive order of the Governor is not subject to review by an administrative board.

In this case the statute created the position of Director of the State Employment Service, required the Governor to appoint the Director, and specifically made the tenure to be "at the will of the Governor."

The executive order of the Governor terminated the services of the Director as of a time certain, thereby causing a vacancy. The "appeal" taken from the Governor's order terminating the service of the Director whose tenure of office was "at the will of the Governor," was not authorized or contemplated by law in this class of cases and has no effect upon the executive order terminating the service of the then Director. The order of the Florida Industrial Commission dated May 23, 1941, quoted above, being unauthorized by law and purporting to be an official act, should be quashed on certiorari granted herein.

THOMAS, J., concurs.

BROWN, C. J., concurring specially in the opinion of Mr. Justice TERRELL.

In the case at bar the petitioner is seeking by certiorari to have quashed an order of removal purporting to be based upon a statutory inquiry as to the factual basis for charges preferred against the director of the Employment Service Division of the Florida Industrial Commission. That order does not purport to be based upon anything else than the evidence produced before the statutory tribunal, which evidence, the petitioner contends, did not prove or sustain the charges thus preferred. A majority of this court, including the writer, are of the opinion that petitioner's contention as to the insufficiency of the evidence is well founded and that it therefore becomes the duty of this Court to render a judgment quashing the order complained of. We might well stop here.

The Governor is not a party to this proceeding and, as I see it, we are not concerned here with what action he might take in the future. The record of proceed-

ings in this case as presented to this Court does not appear to have been predicated upon the theory of the power of removal at the will of the Governor, and I do not deem it necessary for this Court to rule upon that question at this time.

It is, however, contended that the submission of this matter to the Merit System Council was unauthorized and of no effect upon the theory that the clause in Section 11 of the Statute, to the effect that the director of the Employment Division is an "officer" and that the Governor shall appoint such director, and that such appointee shall hold the office at the will of the Governor, and that this provision is not modified by any other provisions in the statute and that for these reasons the Governor's order of dismissal was final and absolute. To this I cannot agree.

In the first place, if we take this provision in Section 11 of the statute at its literal face value, it is unconstitutional and void. This Court has held that a statute providing that the Governor may appoint officers to hold office at the will of the Governor is unconstitutional and void, in that it is in violation of Art. XVI, Section 7, of the Constitution. See State ex rel Davis v. Botts, 101 Fla. 361, 134 So. 219. This decision was rendered about fifteen years ago, and has never been overruled. I think it is a sound decision and should be adhered to.

So it appears that if we take this clause of the statute literally, just as it is worded, we would have to disregard it entirely, and consider it as stricken from the statute.

But when we come to consider the statute as a whole, I am of the opinion that, under our former decisions, the director of this employment division is

really not an officer, within the meaning of the Constitution, but that his position is more nearly in the nature of an employment than an office. His duties and authority are not outlined or conferred directly by the statute. On the other hand, the statute provides that the duties of the director shall be prescribed by the Commission, and that his duties shall be performed under the supervision of the Commission. No part of the sovereign power of the State is granted to him by the statute itself. Thus under the statute, the director is a high grade employee, but an employee nevertheless, and hence not an officer. See State ex rel Holloway v. Sheats, 78 Fla. 583, 83 So. 508. In view of all this, and the ambiguous provision of Sec. 11 in so far as it pertains to the appointee to hold at the will of the Governor being of at least doubtful validity, it was, therefore, entirely appropriate that the director should be placed under the merit system, as was apparently done by agreement and consent of all parties concerned, as shown by the opinion of Mr. Justice Terrell in this case. See Section 12-B of the Statutes, also Section 12-A in this connection.

I concur therefore in the main with the opinion of Mr. Justice Terrell, and also with him and all the other members of the Court that the order brought before us for review must be quashed.