95 So.2d 912 (1957)
Peter DE GROOT, Appellant,
v.
L.S. SHEFFIELD et al., Appellees.
Supreme Court of Florida, En Banc.
May 29, 1957.
As Amended on Denial of Rehearing June 26, 1957.
*913 Coffee & Coffee, Jacksonville, for appellant.
Elliott Adams and McCarthy, Lane & Adams, Jacksonville, for appellees.
THORNAL, Justice.
Appellant DeGroot, who was relator below, seeks reversal of an order of the Circuit Judge dismissing his petition for a writ of mandamus which was sought to compel the appellees to reinstate the relator as an employee of the Duval County School Board.
The determining question is whether the action of the County Civil Service Board, which supervises the county merit system, can be reviewed and collaterally assaulted as a defense to a mandamus proceeding.
Relator Peter DeGroot had been an employee of the Duval County School Board for about eighteen years prior to February 9, 1955. For the last ten years he held the position of "Supervisor of Construction." Since 1943 he was in the classified service under the Duval County Civil Service Act. See Chapter 22263, Laws of Florida, Acts of 1943. On August 4, 1954, the School Board, with the approval of the Civil Service Board, created the position of "Supervising Architect" and filled the job by appointment of a registered architect named Broadfoot. On February 9, 1955, the School Board adopted a resolution delineating the functions of the Supervising Architect, many of which had theretofore been performed by DeGroot, as Supervisor of Construction. By the same resolution the School Board proposed that the position of Supervisor of Construction be abolished.
Section 7, Chapter 22263, Laws of Florida, Acts of 1943, provides in part as follows:
"* * * No position in the classified [service] shall be abolished without the approval of the Civil Service Board. Positions may be abolished only in good faith."
Pursuant to this requirement, the School Board resolution was submitted to the County Civil Service Board which, after an extended hearing, declined to approve the resolution defining the duties of the Architect and abolishing the position of Supervisor of Construction.
Despite the action of the Civil Service Board, the School Board proceeded to dismiss DeGroot from his employment. He thereupon instituted this action in mandamus to compel reinstatement. In the mandamus proceeding the parties stipulated that the transcript of the testimony offered *914 before the Civil Service Board could be filed in evidence. A motion to quash the alternative writ was likewise filed. Upon consideration of the record thereby presented, the trial judge concluded that regardless of the judgment of the Civil Service Board, the action of the School Board in resolving to abolish the position of Supervisor of Construction was taken in good faith and that therefore DeGroot was subject to dismissal. He thereupon granted the respondents-appellees' motion to dismiss the petition in mandamus and entered final judgment in their favor. Reversal of this judgment is here sought.
It is contended by the appellant-relator that the decision of the Civil Service Board was not subject to collateral attack by the respondents in the mandamus proceeding. He further contends that if review of that order were desired by the respondents, they should have proceeded by way of certiorari and that in all events the trial judge could not re-weigh the evidence presented to the Civil Service Board.
It is the position of the appellees that the order of the Civil Service Board should not be enforced in the absence of supporting substantial evidence and that the decision of the Board could be reviewed by the Circuit Judge regardless of the nature of the proceeding to determine whether there was substantial evidence in support thereof.
We are here squarely confronted with the problem of determining the appropriate procedure for obtaining review of an order of an administrative agency. Although administrative agencies have been known to the law for many years, it has only been within fairly recent years that a substantial body of jurisprudence has developed with reference to so-called "administrative law." Because of the expansion of the number of boards, commissions, bureaus and officials having authority to make orders or determinations which directly affect both public and private rights, there has been an increasing number of cases involving the extent of the authority of these agencies as well as the validity or correctness of their conclusions in particular instances. We are told that in our state government there are over one hundred boards, bureaus and officials engaged in administrative activities affecting the rights and property of individuals as well as the public. See French's Research in Florida Law, p. 54; 1 Florida Law and Practice, Administrative Law, Sec. 30. In addition there are innumerable county and city boards and agencies such as Civil Service Boards and other boards that perform similar functions.
Although over the years many cases in one form or another have come to this court involving the correctness of orders of administrative agencies, we are unaware of any that has squarely and directly raised the problems presented by the instant appeal. Despite the local nature of the particular problem at hand, it appears to us that it is appropriate to undertake to reconcile many of our previous apparently divergent opinions in an effort to establish for the future some orderly procedure in disposing of problems of this nature. We do this also in fairness to the trial judge who undoubtedly was confronted with some of these conflicting viewpoints but who did not have available the opportunity for detailed research that accompanies appellate review. Nonetheless, as pointed out by Kenneth Culp Davis in 44 Illinois Law Review p. 565, "No branch of administrative law is more seriously in need of reform than the law concerning methods of judicial review." This author then observes, "No other branch is so easy to reform." The reviewability of an administrative order depends on whether the function of the agency involved is judicial or quasi-judicial in which event its orders are reviewable or on the contrary whether the function of the agency is executive in which event its decisions are not reviewable by the courts except on the sole ground of lack of jurisdiction. In the latter event the order is, of course, subject to direct or collateral attack.
It is in some measure insisted in the case before us that the decision of the *915 Civil Service Board is beyond the scope of judicial review. The contention to this end is that the ultimate decision of the Board is executive in nature and beyond the reach of the courts. In Bryan v. Landis, 106 Fla. 19, 142 So. 650, it was pointed out that where one holds office at the pleasure of the appointing power and the power of appointment is coupled with the power of removal contingent only on the exercise of personal judgment by the appointing authority, then the decision to remove or dismiss is purely executive and not subject to judicial review. In the same opinion, however, we pointed out that if removal or suspension of a public employee is contingent upon approval by an official or a board after notice and hearing, then the ultimate judgment of such official or board based on the showing made at the hearing is subject to appropriate judicial review. The reason for the difference is that when notice and a hearing are required and the judgment of the board is contingent on the showing made at the hearing, then its judgment becomes judicial or quasi-judicial as distinguished from being purely executive. See also, Owen v. Bond, 83 Fla. 495, 91 So. 686; Sirmans v. Owen, 87 Fla. 485, 100 So. 734; State ex rel. Tullidge v. Hollingsworth, 103 Fla. 801, 138 So. 372; State ex rel. Hatton v. Joughin, 103 Fla. 877, 138 So. 392; State ex rel. Pinellas Kennel Club v. State Racing Commission, 116 Fla. 143, 156 So. 317. In the same cases and similar ones it was held that where an officer or employee is removed pursuant to purely executive authority, the courts will do no more than examine into the existence of jurisdictional facts to determine only the question of the existence of executive jurisdiction.
Applying the rule of these cases to the situation before us it is perfectly obvious that in deciding upon the advisability of abolishing a position in the classified service, the Civil Service Board was exercising a quasi-judicial function. This is so for the reason that it arrived at its decision after a full hearing pursuant to notice based on evidence submitted in accordance with the statute here involved. This being so its ultimate decision was subject to judicial review in an appropriate proceeding. State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705, 95 A.L.R. 1416; West Flagler Amusement Co. v. State Racing Commission, 122 Fla. 222, 165 So. 64; State ex rel. Hathaway v. Williams, 149 Fla. 48, 5 So.2d 269; Hammond v. Curry, 153 Fla. 245, 14 So.2d 390
Having determined the nature of the order under consideration we next proceed to ascertain the appropriate method of obtaining review as well as the scope of review available. It must be conceded that over the years orders of administrative agencies have been placed under scrutiny in Florida in both mandamus and certiorari cases. Admittedly, little attention has been given to the propriety of the procedure in particular cases. Hence the resultant confusion. We interpolate that we pretermit in this instance any discussion of the proper use of the equity injunction and the writ of prohibition. Injunction has been many times employed to assault legislative action at the state and local level where such action allegedly impinged on some constitutional right. Attacks on municipal zoning ordinances are typical. Prohibition has at times been employed as against quasi-judicial action of administrative agencies where the agency proposed to exceed its jurisdiction or exercise jurisdiction which it did not have. We further mention that we are discussing herewith appellate review in situations where applicable statutes fail to provide specific methods of review as was the case here. When the statute provides the appellate procedure, that course should be followed. Curry v. Shields, Fla. 1952, 61 So.2d 326, 327; State ex rel. Coleman v. Simmons, Fla. 1957, 92 So.2d 257.
Recurring to the problem at hand we are reminded that certiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in a judicial or quasi-judicial *916 proceeding. The writ is available to obtain review in such situations when no other method of appeal is available. Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421. In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. It is clear that certiorari is in the nature of an appellate process. It is a method of obtaining review, as contrasted to a collateral assault.
We have used the term "competent substantial evidence" advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Becker v. Merrill, 155 Fla. 379, 20 So.2d 912; Laney v. Board of Public Instruction, 153 Fla. 728, 15 So.2d 748. In employing the adjective "competent" to modify the word "substantial," we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. Jenkins v. Curry, 154 Fla. 617, 18 So.2d 521. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the "substantial" evidence should also be "competent." Schwartz, American Administrative Law, p. 88; The Substantial Evidence Rule by Malcolm Parsons, Fla. Law Review, Vol. IV, No. 4, p. 481; United States Casualty Company v. Maryland Casualty Company, Fla. 1951, 55 So.2d 741; Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126.
As contrasted to certiorari, mandamus is an original proceeding to enforce a clear legal right to the performance of a clear legal duty. It is not an appellate writ. As in any original proceeding the record and evidence are made and offered in that proceeding. While it is by nature discretionary it is not an appropriate process to obtain a review of an order entered by a judicial or quasi-judicial agency acting within its jurisdiction. When thus analyzed it is obvious that certiorari and mandamus serve two entirely different functions.
In delineating the distinctions between certiorari and mandamus we disclaim any allegiance to the formalities and technicalities of the past. Procedural formalities are not necessarily sacrosanct merely because they are time-honored. Nonetheless, in situations such as the one before us, the distinctions have a present and vital importance in determining the issues presented by the litigants and considered by the trial court. We think the lines of demarcation are justifiable in a field such as administrative law which is still in its formative stages of development.
Applying the foregoing general rules to the situation presented by this record it becomes apparent that the assault made by the respondents-appellees on the order of the Civil Service Board as a defense to the mandamus proceeding was entirely collateral to the quasi-judicial proceeding had before the Civil Service Board itself. No direct review of the order of the Civil Service Board was sought by the appellees. The Civil Service Act specifically required the approval of the Civil Service Board as a condition precedent to the abolition of the job in the classified service. Prior to dismissing the appellant-relator the School Board had failed in its effort to obtain such approval. If it had been dissatisfied with the order of the Civil Service *917 Board such order was subject to appropriate review by certiorari. When the mandamus proceeding was filed by the relator, the order of the Civil Service Board declining to abolish the job held by the relator was in full force and effect. There is no assault on the jurisdiction of that board. The job therefore had not been legally abolished. This being so, the relator under the Civil Service Act was entitled to continue to fill the job and his dismissal was without justification. Freeman on Judgments (5th ed.) Vol. 3, Sec. 1258; 42 Am.Jur., Public Administrative Law, Sec. 159, 160; State ex rel. Spruck v. Civil Service Board, 226 Minn. 240, 32 N.W.2d 574.
We mention in passing that there were no charges before the Civil Service Board that relator had failed in any measure to perform his job well. The sole issue revolved around abolishing the job that he held.
In view of the foregoing, from the showing made by this record, the relator was entitled to the issuance of a peremptory writ. It was error to dismiss his petition therefor. The judgment under review is therefore 
Reversed.
TERRELL, C.J., and THOMAS, HOBSON, ROBERTS, DREW and O'CONNELL, JJ., concur.

On Rehearing
PER CURIAM.
The last sentence of our opinion of May 29, 1957, is amended to read as follows:
"The judgment under review is therefore reversed without prejudice to any rights which the appellees may have under the rules announced in State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707".
When addressed to the opinion as amended, the petition for rehearing is denied.
TERRELL, C.J., and THOMAS, ROBERTS and THORNAL, JJ., concur.