PER CURIAM.
Petitioners seek review by certiorari of an order of the Florida Citrus Commission. The Commission has filed a motion to dismiss questioning our jurisdiction in the matter.
The Commission adopted certain amendments to its regulations prohibiting any future use of the “Indian River” label on citrus fruit grown on lands west of Range 40 East in Martin County. Petitioners filed protests pursuant to Section 601.12 of Florida Statutes (1965), F.S.A. The Commission appointed a hearing officer, and a hearing was held at which petitioners presented evidence in support of their protests. The hearing officer recommended that the aforesaid amendments be declared in full force and effect, and the Commission so ordered.
Upon consideration of the applicable provisions of the Florida Administrative Procedure Act and of other pertinent authorities, we conclude that the proper method of judicial review of the order in question is by suit for declaratory judgment in the appropriate Circuit Court. Fla.Stat., Secs. 120.30(1), 120.31(1), 120.21(3) (7) (1965), F.S.A.; cf. Modlin v. City of Miami Beach, Fla.1967, 201 So.2d 70; Teston v. City of Tampa, Fla.1962, 143 So.2d 473; DeGroot v. Sheffield, Fla.1957, 95 So.2d 912; West Flagler Amusement Co. v. State Racing Comm., 1935, 122 Fla. 222, 165 So. 64; Harris v. Goff, Fla.App.1963, 151 So.2d 642; Bloomfield v. Mayo, Fla.App.1960, 119 So.2d 417. Accordingly, we deny the petitions without prejudice to petitioners’ right to pursue the remedies provided in Section 120.30.
Certiorari denied.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.