MILLS, Chief Judge.
Dale Carson, the Sheriff of Duval County, appeals from a peremptory writ of mandamus requiring him to comply with an order of the Civil Service Board on the grounds that the Civil Service Board lacked jurisdiction. We affirm the granting of the writ.
In an order which was not appealed by the Sheriff, the Civil Service Board ordered Sheriff Carson to grant a pay increase to -Doyle E. Hollingsworth. When no pay increase was forthcoming, Hollingsworth filed the petition for writ of mandamus, which is the subject of this appeal.
Carson’s first argument against the propriety of granting the writ is directed to the merits of the original Civil Service order. Since he did not challenge that order, that issue is not properly before us. As to the second contention regarding availability of the civil service appeals system, he concedes in his reply brief that such an avenue was available if the Board had jurisdiction.
The third and dispositive contention by Carson is that under § 19.04 of the Charter of the City of Jacksonville the only authority of the Civil Service Board regarding the classification and pay plans is to review those plans and report findings to the City Council and the mayor. Carson urges that the Charter does not give the Board any authority over the operation of the pay plan. Hollingsworth points out that § 19.03 of the Charter authorizes the Civil Service Board to certify personnel for compensation solely on the basis of merit and qualification and to see that the employment policy of hiring, promotion, and pay based on merit be enforced. Furthermore, § 19.07 gives any civil service employee the right to request that the Board review any action taken in the administration of the Civil Service Regulations and provides that the order of the Board is binding on the agency. We agree with appellee’s interpretation of the Charter and find that the Civil Service Board did have the authority to enter the order. Since it did have the authority to enter the order and the order directed that a pay increase be granted, Hollingsworth has established a clear legal right properly enforceable by mandamus. DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957).
AFFIRMED.
McCORD and SHIVERS, JJ., concur.