641 So.2d 898 (1994)
FLORIDA INSTITUTE OF TECHNOLOGY, INC., a Florida not-for-profit corporation, Petitioner,
v.
MARTIN COUNTY, Respondent.
No. 93-0677.
District Court of Appeal of Florida, Fourth District.
June 22, 1994.
Rehearing and Certification; Rehearing Denied September 14, 1994.
Joel C. Zwemer and Robert N. Klein of Dean, Mead & Minton, Fort Pierce, and Kenneth C. Crooks of Dean, Mead, Spielvogel & Goldman, Merritt Island, for petitioner.
Noreen S. Dreyer, County Atty. and Gary K. Oldehoff, Asst. County Atty., Stuart, for respondent.
Rehearing and Certification; Rehearing En Banc Denied September 14, 1994.
PER CURIAM.
We grant certiorari and quash the order dismissing a petition to the trial court for certiorari, which sought review of a decision of the Martin County Board of County Commissioners denying a proposed amendment to the county growth plan. Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993).
Florida Institute of Technology, Inc. (FIT) owns an 81-acre property in Martin County which originally was operated as a college. The property was sold in 1987, and the new owners applied to change the land use designation to waterfront commercial, commercial/office/residential, and low density residential and for rezoning to Planned Unit Development (PUD). The board of county commissioners approved the application and granted the requested land use amendment and rezoning. But the new landowner never commenced construction. FIT re-acquired the property through foreclosure and applied for an extension of the PUD timetable agreement. The county's growth management staff, concerned about the validity of the existing approval, suggested having the board do a county-initiated land use amendment and rezoning to spare FIT the need to submit a duplicate application.
The board's resolution authorized the initiation of a future land use map amendment specifically for the FIT parcel. The pending requests to amend the PUD agreement and extend the timetable were tabled pending the resolution of the land use amendment. A county planning staff report with the land use recommendations was presented to the board at a hearing. FIT presented expert testimony at the hearing in favor of the staff's analysis. The board decided not to adopt the land use amendment recommended by the staff.
FIT filed a complaint pursuant to section 163.3215, Florida Statutes. Those proceedings were stayed pending presentation of a second planning staff report offering alternative land use designations for the property. FIT presented expert evidence in support of several proposals offered in this second report. The board rejected the alternative proposals, offering to recommend a different *899 plan if FIT was agreeable, but it was not. The board declared its motion null and void and its consideration of land use amendments and rezoning proposals for the property at an end.
Central to the instant appeal, FIT also filed a petition for a writ of certiorari, which the circuit court dismissed, determining that the board's action was legislative and that FIT's sole remedy was an original action, de novo, in the trial court. The trial court did not have the benefit of the Florida Supreme Court's decisions in Snyder and in Parker v. Leon County, 627 So.2d 476 (Fla. 1993).
Under Parker, section 163.3215 applies not to property owners whose applications have been denied, but only to third party intervenors who challenge the consistency of development orders. Hence, the property owner's common law right to petition for certiorari review in the circuit court is unaffected by section 163.3215.
Snyder's holding is that the denial of a rezoning application may be quasi-judicial and reviewable by certiorari when it involves the application of a general rule to specific individuals or interests. In Snyder, the property owners filed an application to rezone property in a residentially zoned area from single family use to a zoning classification which allowed fifteen units per acre, a class designated as consistent with the area's land use comprehensive plan. When the matter came before the board of county commissioners, the property owners spoke on their own behalf and a number of citizens spoke in opposition to the request. The supreme court concluded that the board's action on the property owner's application was quasi-judicial in nature and properly reviewable by petition for writ of certiorari rather than legislative in nature and subject to de novo attack in circuit court. The court differentiated the two as follows:
It is the character of the hearing that determines whether or not board action is legislative or quasi-judicial. Generally speaking, legislative action results in the formulation of a general rule of policy, whereas judicial action results in the application of a general rule of policy.
Id. at 474 (citations omitted). Quoting from its opinion in West Flagler Amusement Co. v. State Racing Commission, 122 Fla. 222, 225, 165 So. 64, 65 (1935), the court elaborated:
A judicial or quasi-judicial act determines the rules of law applicable, and the rights affected by them, in relation to past transactions. On the other hand, a quasi-legislative or administrative order prescribes what the rule or requirement of administratively determined duty shall be with respect to transactions to be executed in the future, in order that same shall be considered lawful. But even so, quasi-legislative and quasi-executive orders, after they have already been entered, may have a quasi-judicial attribute if capable of being arrived at and provided by law to be declared by the administrative agency only after express statutory notice, hearing and consideration of evidence to be adduced as a basis for the making thereof.
Id.
The supreme court recognized that enactments of original zoning ordinances are considered legislative, as are comprehensive rezonings affecting a large portion of the public. However,
rezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of ... quasi-judicial action.
Id. (quoting Snyder v. Board of County Comm'rs of Brevard County, 595 So.2d 65, 78 (Fla. 5th DCA 1991)).
We reject Martin County's contention that the decisions in Parker and Snyder do not affect the dismissal of the certiorari proceeding because FIT is not a landowner/applicant, and the proceedings concerned a local government's own review of the land use map designations on specific property, an act that is legislative in nature in the same way that the original adoption of a zoning plan or comprehensive plan is legislative. On the contrary, we find FIT was not an intervenor, *900 but an active participant in the proceedings, presenting witnesses and even funding a portion of the cost. The fact that the county proposed the amendment and rezoning should not preclude FIT from seeking certiorari relief under Snyder.
The record reflects that the board hearings essentially addressed the change in the land use designation for a particular piece of property. There was discussion as to whether the suggested change was consistent with the policies of the growth management plan. While these circumstances might be characterized as hybrid, application of the reasoning in Snyder and a review of the record leads to the conclusion that this board's action, in this instance, was quasi-judicial in nature.
Therefore, the decision is quashed with directions to reinstate the certiorari proceedings and proceed in accordance with the standard for review set forth in Snyder.
STONE, WARNER and POLEN, JJ., concur.