CAMPBELL, Judge.
Plant City appeals an order issued by the State Department of Transportation (DOT) which closed two city streets that crossed the Seaboard Coast Line Railroad. On a cross-appeal, Seaboard seeks review of DOT’s order leaving a third crossing open. *1076 The City argues that DOT lacks authority to close a railroad crossing that is within a city’s street system, absent the city’s approval. Seaboard contends there was not sufficient competent evidence to support that part of the order at issue in its cross-appeal. We find both of these arguments to be without merit and affirm the order.
DOT initiated the proceeding to close three railroad crossings located within the Plant City limits, pursuant to section 338.-21(3), Florida Statutes (1979), and Florida Administrative Code Rule 14-46.03(2).[1] Subsequently, Seaboard filed its own applications to close the three crossings. Both DOT and Seaboard acknowledged that these streets were within the City’s jurisdiction.
Public hearings were held at which time the City moved to dismiss the petitions challenging DOT’s authority to close a railroad crossing of a city street. The motion was denied and the administrative hearing officer recommended closing two crossings and leaving the third open. DOT adopted the hearing officer's recommended order.
Section 338.21(3), Florida Statutes (1979), states succinctly: “The department shall have regulatory authority over all public railroad crossings in the state, including the authority to issue a permit for the opening and closing of such crossings.” Such clear and unequivocal language can only be construed to mean that the legislature intended to grant DOT the exclusive authority to issue crossing permits without requiring additional approval from municipalities. It would have been easy for the legislature to have provided an exception for municipalities and yet it did not.
We note that section 357.01, Florida Statutes (1979), provides that a city may require a railroad company to construct a crossing when a railroad crosses a city street. However, as that section was originally enacted in 1911 and section 338.21(3) dates back only to 1955, we must defer to the latest legislation to the extent that a conflict exists in the law.
Upon review of Seaboard’s cross-appeal, we find there was sufficient competent evidence to support the DOT order leaving the one railroad crossing open. DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957).
AFFIRMED.
SCHEB, C. J., and GRIMES, J., concur.

. Fla.Admin.Code Rule 14-46.03(2):
Opening and Closing Public At-Grade Crossings.
The Department of Transportation will accept the applications for opening and closing of public railroad crossings from the governing body that has jurisdiction over the public street or highway; the corporation that has jurisdiction over the operation of the trains through the crossing; or any other applicant for a public at-grade crossing, provided that there is in existence an agreement with the governing body to assume jurisdiction as a public crossing. Authorization for such opening or closing will be a permit based on the order issued by the Secretary of Transportation subsequent to public hearing conducted pursuant to Chapter 120, Florida Statutes.