PER CURIAM.
Appellant City of Holly. Hill (the City) appeals the order of appellee Department of Transportation (DOT) denying the City’s application for a public at-grade railroad crossing pursuant to section 335.141(1), Florida Statutes (1989). The City’s application requested permission to open a railroad crossing at Tenth Street which would serve both vehicular and pedestrian traffic. We reverse and remand this matter with directions that the City’s application be granted.
After a formal administrative hearing, the hearing officer recommended that DOT deny the City’s application for a vehicular/pedestrian railroad crossing based on the hearing officer’s finding that the City failed to meet its burden of demonstrating that the necessity, convenience, and safety of rail and vehicular traffic justified opening the crossing.[1] The hearing officer also recommended that DOT approve a public pedestrian-only railroad crossing based on his finding that the City met its burden of demonstrating the necessity, convenience, and safety of opening a pedestrian-only crossing at Tenth Street.
DOT subsequently adopted the hearing officer’s findings of fact in full and, in accordance with the hearing officer’s recommendation, denied the City’s application for a vehicular/pedestrian crossing at Tenth Street. DOT declined, however, to adopt the hearing officer’s recommendation that DOT approve a public pedestrian-only crossing on the ground that DOT had no jurisdiction to approve a pedestrian-only crossing.
The hearing officer concluded that the City failed to meet its burden of demonstrating that the necessity, convenience, and safety of rail and vehicular traffic justified opening a vehicular/pedestrian crossing at Tenth Street because (1) the proposed Tenth Street crossing would divert only 1,000 cars per day from nearby Eleventh Street and, thus, would not significantly alleviate traffic congestion on Eleventh Street; (2) the addition of the proposed Tenth Street crossing would result in five crossings located within a one-mile stretch of railroad track and would increase by .027 the car-train crash probability per year at the five crossings combined; and (3) the City could make one-way pairs of Eleventh and Eighth Streets to alleviate traffic congestion on Eleventh Street.
Section 335.141(1), Florida Statutes (1989), grants DOT the authority to issue permits to open and close all public railroad-highway grade crossings in the state. Because these crossings serve both vehicular and pedestrian traffic, we conclude that the hearing officer erred by considering only vehicular traffic in determining the necessity, convenience, and safety of opening a vehicular/pedestrian crossing. The hearing officer, in finding that the diversion of only 1,000 cars per day did not justify opening a crossing, apparently ignored the undisputed evidence that pedestrian traffic and safety necessitated opening the crossing. As noted above, the hearing officer found that the City met its burden of demonstrating the necessity, convenience, and safety of opening a crossing for pedestrians at Tenth Street, and DOT does not challenge this finding.
In addition to considering the convenience and safety of vehicle traffic, the hearing officer properly considered the danger of car-train accidents in determining whether the vehicular/pedestrian crossing was justified. See Fla.Admin.Code R. 14-46.003(2)(a). The increased car-train crash probability which would result from opening a vehicular/pedestrian crossing at Tenth Street translated into one additional potential car-train accident every four years at the five crossings combined. Any car-train accident is tragic; however, the opening of a vehicular/pedestrian railroad crossing necessarily increases the probabili *743 ty of such an accident. Apparently, some increase in probability is considered acceptable given a proposed crossing’s benefits to vehicular and pedestrian convenience and safety; and evidence that the proposed crossing will result in an increase in crash probability, by itself, is insufficient to justify disapproving an additional crossing. In this case, the record fails to set forth the standard by which DOT determined its calculated crash probability to be significant in light of the undisputed evidence presented by the City that the proposed crossing would benefit both vehicular and pedestrian traffic. Without more, this statistic is insufficient to provide an evidentiary basis for the hearing officer’s recommendation that DOT deny the City’s application for a vehicular/pedestrian crossing at Tenth Street.
Finally, contrary to the hearing officer’s finding, the evidence indicates that, under existing governmental planning and development restrictions, the City could not feasibly make one-way pairs out of Eleventh and Eighth Streets.
We conclude that there is no competent, substantial evidence to support the findings adopted by DOT in denying the City’s application for a vehicular/pedestrian railroad crossing. See City of Plant City v. Department of Transportation, 399 So.2d 1075, 1076 (Fla. 2d DCA 1981). Accordingly, we reverse DOT’s denial of the City’s application for a vehicular/pedestrian crossing and remand this cause for entry of an order granting such application. Because of our resolution of the issue involving the vehicular/pedestrian railroad crossing, we need not address the issue of DOT’S jurisdiction to order the establishment of a pedestrian-only crossing.
REVERSED and REMANDED.
HARRIS and DIAMANTIS, JJ., and STROKER, R.J., Associate Judge, concur.

. See Fla.Admin.Code R. 14-46.003(2)(a) (requiring DOT to consider, inter alia, the "[n]eces-sity, convenience and safety of rail and vehicle traffic” in issuing permits pursuant to section 335.141(1)).