602 So.2d 1362 (1992)
B & H TRAVEL CORPORATION, a Florida Corporation, d/b/a LaPlaya Apartments, et al., Appellants,
v.
STATE of Florida, DEPARTMENT OF COMMUNITY AFFAIRS and Town of Redington Beach, Appellees.
No. 91-522.
District Court of Appeal of Florida, First District.
July 29, 1992.
Rehearing Denied August 24, 1992.
*1363 Jawdet I. Rubaii and S. Noel White of Jawdet I. Rubaii, P.A., Clearwater, for appellants.
Karen Brodeen, Dept. of Community Affairs, Tallahassee, for appellee Dept. of Community Affairs.
W. Douglas Berry of Butler, Burnette & Pappas, Tampa, for appellee Town of Redington Beach.
ALLEN, Judge.
B & H Travel Corporation, Leo Young, Trudy Nakamoto, Ellen Blauth and Gladys Rock appeal a final order of the Department of Community Affairs determining the comprehensive land use plan adopted by the Town of Redington Beach to be in compliance with the Local Government Comprehensive Planning and Land Development Regulation Act, sections 163.3161-163.3215, Florida Statutes (1987). The appellants argue that the Town's adoption procedure did not satisfy the requirements of rule 9J-5.005(8)(b) and (c), Florida Administrative Code, section 163.3174, Florida Statutes, or various provisions of the Redington Beach Code, and thus, the Department of Community Affairs erred in finding the plan to be in compliance with the Act. We hold that the Department acted within its discretion in finding the plan to be in compliance with the Act and affirm the appealed order.
On October 30, 1989, Redington Beach's Board of Commissioners (hereinafter, Commissioners) adopted the Town's comprehensive land use plan by ordinance. Pursuant to section 163.3184(8)(b), Florida Statutes, the Department of Community Affairs reviewed the plan and issued a notice of intent to find it in compliance with the Act. Thereafter, the appellants timely filed petitions challenging that determination, which petitions were referred to a hearing officer and consolidated. The appellants complained, inter alia, that the plan was not in compliance with the Act because the Town's local planning agency, the Local Planning Board, never recommended the plan's adoption to the Commissioners. At the hearing on the appellants' petition, numerous witnesses testified about the activities of the planning board and the Commissioners prior to the Commissioners' transmittal of the proposed plan to the Department of Community Affairs.[1] The following *1364 facts are taken from the hearing officer's recommended order, adopted without significant change by the Department of Community Affairs.
The Town hired the Tampa Bay Regional Planning Council to assist the planning board in preparing the plan. For the most part, the regional planning council prepared drafts of the plan and submitted them to the board for comments. After receiving the board's input, planners from the regional planning council would revise the drafts accordingly. The planning board operated informally (one member could not remember a vote being taken in three years) and rarely did all five board members attend the scheduled meetings.[2] Because the Commissioners were obligated to transmit the Town's proposed plan to the Department of Community Affairs by March 1, 1989, they required the planning board to complete its work on the plan by January 24, 1989. At a planning board meeting almost three months before that deadline, the Town Clerk informed the planning board members that following the board's meeting on January 10, 1989, the plan would be submitted to the regional planning council for final changes, after which the Commissioners would transmit the proposed plan to the Department of Community Affairs. Advertisements for the planning board's January 10 meeting announced that the meeting was called to review the plan, receive comments on it and transmit it to the Department of Community Affairs.
The January 10 meeting was attended by the planning board chairman, two other board members, the Town Clerk and a planner with the regional planning council. A discussion ensued concerning a density restriction in the proposed plan and two board members expressed their differing opinions about it. Ultimately, the planner from the regional planning council was directed to make various changes in the plan (unrelated to the density restriction) in time for the Commissioners' transmittal meeting scheduled for February 15, 1989. The board meeting adjourned with no vote on the draft plan, but the chairman sensed by the end of the hearing that no specific objections to the plan remained. The planner in attendance later reported to his supervisor that the planning board had approved the plan.
Thereafter, the Commissioners held a meeting on February 21, 1989 to review the plan for transmittal to the Department of Community Affairs. The density restriction was again discussed, and, ultimately, a motion to transmit the proposed plan to the Department passed unanimously. The Commissioners continued to meet periodically to discuss the plan and receive public comment concerning its provisions. The controversial density restriction was discussed at most of these meetings. In June 1989, the Department issued its objections, recommendations and comments upon the Town's proposed plan. The plan was ultimately adopted on October 30, 1989.
In this appeal, we are asked to review the Department of Community Affairs' final order which approved the hearing officer's determination that the Town's plan is in compliance with the Act. To be "in compliance," a plan must be consistent with: (1) the requirements of sections 163.3177 (identifying required and optional plan elements), 163.3178 (identifying requirements of plans with a coastal management element), and 163.3191 (identifying ongoing reporting requirements); (2) the state comprehensive plan and appropriate regional policy plan; and (3) rule 9J-5, Florida Administrative Code, "where such rule is not inconsistent with chapter 163, part II." § 163.3184(1)(b), Fla. Stat. The Act contemplates that a local government's formal adoption of a plan constitutes its determination that the plan is in compliance as defined in section 163.3184(1)(b).
*1365 Where, as in this case, the Department of Community Affairs has issued a notice of intent to find the plan in compliance, in subsequent administrative proceedings challenging that conclusion, the plan "shall be determined to be in compliance if the local government's determination of compliance is fairly debatable." § 163.3184(9)(a), Fla. Stat. That standard is a deferential one that requires affirmance of the local government's action if reasonable persons could differ as to its propriety. Environmental Coalition of Fla., Inc. v. Broward County, 586 So.2d 1212, 1215 n. 4 (Fla. 1st DCA 1991); Machado v. Musgrove, 519 So.2d 629, 632 (Fla. 3d DCA 1987) (en banc), rev. denied, 529 So.2d 694 (Fla. 1988). After reviewing the Town's determination of compliance under the fairly debatable standard, the hearing officer and, ultimately, the Department of Community Affairs, determined that the plan is in compliance as defined in the Act. In considering the correctness of the Department's final order, we are mindful of section 120.68(12), Florida Statutes, which permits us to remand a case to an agency if we find its exercise of discretion to be:
(a) Outside the range of discretion delegated to the agency by law;
(b) Inconsistent with an agency rule;
(c) Inconsistent with an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or
(d) Otherwise in violation of a constitutional or statutory provision[.]
§ 120.68(12), Fla. Stat. See also, Broward County, 586 So.2d at 1215 n. 4.
The appellants' claim of error focuses upon the planning board's alleged failure to recommend a plan to the Commissioners prior to the Commissioners' transmittal of the proposed plan to the Department. The Act provides that the chief governing body of the local government (the Commissioners) must designate, and by ordinance establish, a local planning agency which "shall prepare the comprehensive plan after hearings to be held after due public notice and shall make recommendations to the governing body regarding the adoption of such plan." § 163.3174(1), Fla. Stat. Section 163.3174(4) more particularly describes the role of the local planning agency, in this case, the planning board:
The local planning agency shall have the general responsibility for the conduct of the comprehensive planning program. Specifically, the local planning agency shall: (a) Be the agency responsible for the preparation of the comprehensive plan and shall make recommendations to the governing body regarding the adoption of such plan or element or portion thereof. During the preparation of the plan and prior to any recommendation to the governing body, the local planning agency shall hold at least one public hearing, with due public notice, on the proposed plan or element or portion thereof. The governing body in cooperation with the local planning agency may designate any agency, committee, department, or person to prepare the comprehensive plan or any element thereof, but final recommendation of the adoption of such plan to the governing body shall be the responsibility of the local planning agency.
The Act also requires local planning agencies and governing bodies "to adopt procedures designed to provide effective public participation in the comprehensive planning process and to provide real property owners with notice of all official actions which will regulate the use of their property." § 163.3181(1), Fla. Stat. See also, Fla. Admin. Code Rule 9J-5.004. Pursuant to that directive, the Town Commissioners passed a "Citizen Participation Process Ordinance" which, inter alia, required the planning board to send its recommendations about the plan to the Commissioners prior to the Commissioners' approval or adoption of the plan. See Redington Beach, Fla.Code §§ 15-16 to 15-23.
Rule 9J-5.005(8), Florida Administrative Code, specifically references section 163.3174 and indirectly references the Town's public participation ordinance. It provides in pertinent part:
The comprehensive plan or element shall be prepared in accordance with Section 163.3174 ... relating to local planning *1366 agencies. Proposed plans, elements, portions thereof and amendments shall be considered at a public hearing with due public notice by the local planning agency prior to making its recommendation to the governing body pursuant to ... Section 163.3174, Florida Statutes;
The comprehensive plan, element or amendment shall be considered and adopted in accordance with the procedures relating to public participation adopted by the governing body and the local planning agency pursuant to Section 163.3181, Florida Statutes, and Rule 9J-5.004 of this chapter. The local government shall submit with its initial transmittal, pursuant to Subsection 163.3167(2), Florida Statutes ... a copy of the procedures for public participation that have been adopted by the local planning agency and the governing body[.]
Fla. Admin. Code Rule 9J-5.005(8)(b) & (c).
According to the appellants, the planning board's failure to formally recommend the proposed plan to the Commissioners renders the plan finally adopted by that body inconsistent with rule 9J-5.005(8)(b) & (c). They reason that because a plan must be "consistent with" rule 9J-5 in order to be in compliance with the Act as defined in section 163.3184(1)(b), and the Town's plan is inconsistent with rule 9J-5.005(8), said plan cannot be in compliance with the Act, and the Department abused its discretion in concluding otherwise. We note that, in determining whether the plan is "consistent with" rule 9J-5 so as to be in compliance as defined in section 163.3184(1)(b), the hearing officer made use of the definition of "consistency" and the consistency analysis found in section 163.3177(10)(a). He focused upon whether the plan, as adopted by the Commissioners and when considered as a whole, is compatible with, furthers or takes action in the direction of realizing, the goals and policies of rule 9J-5.005(8) and section 163.3174 and the public participation ordinance referenced therein.
We hold that the Department of Community Affairs did not abuse its discretion in approving this analysis or in concluding that the Town's determination that its plan is in compliance is fairly debatable. In our view, the planning board members' actions at the January 10, 1989 meeting demonstrate that body's de facto recommendation of the plan to the Commissioners. Cf. Leon County v. Parker, 566 So.2d 1315, 1317 (Fla. 1st DCA 1990) (recognizing that local government bodies "often proceed[] in an informal, free-form manner.") Given the planning board's active role in the Town's plan adoption process, and the public's unfettered and significant participation in that process, we affirm the Department's order determining the plan to be in compliance as defined in section 163.3184(1)(b). We also reject, without discussion, the appellants' claim that the Department's order is defective for failing to comply with the rule announced in St. Francis Hospital, Inc. v. Department of Health & Rehab. Servs., 553 So.2d 1351, 1354 (Fla. 1st DCA 1989), and cases referenced therein.
AFFIRMED.
ERVIN and SMITH, JJ., concur.
NOTES
[1] The Act requires the chief governing body of each local government to transmit a proposed plan to the Department of Community Affairs. §§ 163.3184(3)(a); 163.3164(8), Fla. Stat.

The Department then elicits comments upon the proposed plan from various state agencies and the appropriate regional planning council and, upon review of those comments, prepares a report containing objections, recommendations for plan modifications and comments. § 163.3184(4)-(6), Fla. Stat. The Department's report is sent to the local government which then has sixty days to adopt, or adopt with changes, the proposed plan. § 163.3184(7), Fla. Stat.
[2] The Town Code provides that four planning board members "shall constitute a quorum for the transaction of business." Redington Beach, Fla.Code § 15-1(d)(7).