Mr. Douglas R. Bell Attorney for the South Broward Drainage District Cumberland Building, Suite 601 800 East Broward Boulevard Ft. Lauderdale, Florida 33301
Dear Mr. Bell:
On behalf of the South Broward Drainage District, you ask several questions regarding the effect of recent Florida case law on various activities of the district's board of supervisors. Your questions may be restated as follows:
Are the activities of the South Broward Drainage District in reviewing plats to be recorded within the area of its jurisdiction and in reviewing paving and drainage plans for compatibility with the district's criteria subject to the protections afforded quasi-judicial activities under Board of County Commissioners of Brevard County v. Snyder[1] and Jennings v. Dade County?[2]
In sum:
The activities of the South Broward Drainage District in reviewing plats to be recorded and in reviewing paving and drainage plans for compatibility with the district's criteria do not appear to rise to the level of quasi-judicial functions subject to the increased procedural protections of Jennings v. Dade County, supra. While the considerations in Board of County Commissioners of Brevard County v. Synder apply to the rezoning of property within a recorded plat, the holding in that case would not appear to apply to the activities of the drainage district in approving plats for recording or the development of a reclamation plan.
Chapter 67-904, Laws of Florida, creates the South Broward Drainage District as an independent political subdivision of the State of Florida.[3] You state that the district reviews all plats that are to be recorded within the area of its jurisdiction and reviews all paving and drainage plans for compatibility with the district's criteria. Members of the district's board of supervisors occasionally are contacted by property owners regarding proposed plats, paving, and drainage. Thus, the question has arisen as to whether the district's activities are quasi-judicial in nature such that ex parte communications should be avoided in carrying out district business.
In resolving whether rezoning actions are legislative or quasi-judicial, the Supreme Court of Florida in Board of County Commissioners of Brevard County v. Snyder[4] looked to the nature of the hearing involved in such activities. In Snyder, the Court stated:
It is the character of the hearing that determines whether or not board action is legislative or quasi-judicial. Generally speaking, legislative action results in the formulation of a general rule of policy, whereas judicial action results in the application of a general rule of policy.[5] (emphasis in the original)
In developing a test to distinguish judicial or quasi-judicial acts from those which are quasi-legislative or administrative, the Court quoted from a 1935 case:
A judicial or quasi judicial act determines the rules of law applicable, and the rights affected by them, in relation to past transactions. On the other hand, a quasi legislative or administrative order prescribes what the rule or requirement of administratively determined duty shall be with respect to transactions to be executed in the future, in order that same shall be considered lawful. But even so, quasi legislative and quasi executive orders, after they have already been entered, may have a quasi judicial attribute if capable of being arrived at and provided by law to be declared by the administrative agency only after express statutory notice, hearing and consideration of evidence to be adduced as a basis for the making thereof.[6]
Thus, enactments of original general comprehensive zoning and planning ordinances and maps, and amendments thereto of broad general application, are legislative enactments, while application of the general rules regarding zoning to specific landowners in rezoning proceedings is quasi-judicial.
Where a governmental entity's actions are quasi-judicial, the courts have recognized that certain procedural safeguards must be met. In Jennings v. Dade County,[7] a case decided prior to Snyder, the court held that in a quasi-judicial rezoning hearing certain standards of basic fairness must be followed in order to afford the parties due process. A quasi-judicial hearing generally meets due process requirements if the parties are provided notice of the hearing and an opportunity to be heard. In quasi-judicial rezoning proceedings the parties must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts.[8] Thus, the court determined that ex parte communications are inherently improper and quasi-judicial officers should avoid all such contacts where they are identifiable.
The decisions in Snyder and Jennings arose in the context of rezoning proceedings and, therefore, the conclusions in those cases would clearly be applicable when a governmental body is exercising such a function. It is not readily apparent, however, that the conclusions in these cases were meant to apply to all functions where a local government applies a general rule of policy.
To date, the Snyder holding has only been applied by the courts when considering land uses affecting a particular piece of property.[9] For example, the district court in Florida Institute of Technology, Inc. v. Martin County[10] applied the Snyder reasoning to a land use amendment and rezoning affecting a particular piece of property.[11] While the Snyder case contains broad language that could be applied to numerous governmental activities that seek to implement government policies affecting an individual's property, this office is reluctant, absent judicial clarification, to read these cases in such an expansive manner.
The purpose of the South Broward Drainage District is the drainage and reclamation of lands within its jurisdiction. Toward that end, the district is authorized, among other things, to provide for the acquisition, construction and maintenance of drainage improvements and to adopt a reclamation plan for the district. As noted above, the district's powers include the authority "[t]o regulate and set forth by appropriate resolution the drainage requirements and conditions to be met for plats to be entitled to record on any land within the district[.]"[12] Although the district is authorized to adopt the drainage conditions to be met before a plat may be recorded, the special act does not authorize the district to zone or regulate the use of the property.[13]
The foregoing functions do not, in my opinion, rise to the level of quasi-judicial functions subject to the increased procedural protections of Jennings. While the considerations discussed in Snyder apply to the rezoning of property within a recorded plat, I am of the opinion that the holding in that case does not apply to the activities of the drainage district in approving plats for recording or the development of a reclamation plan.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] 627 So.2d 469 (Fla. 1993).
[2] 589 So.2d 1337 (Fla. 3d DCA 1991).
[3] The 1967 special act has been amended by Chs. 70-484, 86-362, 89-430, 92-244, and 93-369, Laws of Florida. The district was originally named the Hollywood Reclamation District, but was renamed in Ch. 86-362, Laws of Florida.
[4] 627 So.2d 469 (Fla. 1993).
[5] 627 So.2d at 474.
[6] Id. at n. 1, citing West Flagler Amusement Co. v. State Racing Commission, 165 So. 64, 65 (Fla. 1935).
[7] 589 So.2d 1337 (Fla. 3d DCA 1991).
[8] Id. at 1340-1341, citing Coral Reef Nurseries, Inc. v. Babcock Company, 410 So.2d 648, 652 (Fla. 3d DCA 1982).
[9] See, e.g., City of Melbourne v. Puma, 630 So.2d 1097 (Fla. 1994), in which the Court applied the Snyder reasoning to find that an amendment to the comprehensive plan coupled with rezoning of a particular piece of property constituted quasi-judicial activities. See also, Section 28 Partnership, Ltd. v. Martin County, 642 So.2d 609 (Fla. 4th DCA 1994).
[10] 641 So.2d 898 (Fla. 4th DCA 1994).
[11] And see, Park of Commerce Associates v. City of Delray Beach,636 So.2d 12 (Fla. 1994), in which the Supreme Court held that City of Lauderdale Lakes v. Corn, 427 So.2d 239 (Fla. 4th DCA 1983), accurately stated the law concerning appellate review of certain decisions of local government. Corn, a rezoning case, held that decisions on building permits, site plans, and other development orders in rezoning are quasi-judicial and subject to judicial review.
[12] Section 13(5), Ch. 67-904, Laws of Florida.
[13] Cf., Roach v. Loxahatchee Groves Water Control District,417 So.2d 814 (Fla. 4th DCA 1982) (chief engineer of water control district governed by Ch. 298, Fla. Stat., who must approve a landowner's plan for construction of a bridge over a canal has no authority to refuse to allow the construction of the bridge, rather the engineer may only require that such bridge construction not obstruct water flow in canals or otherwise damage effectiveness of canals).