BLACKWELL WHITE, A., Associate Judge.
Sumter Citizens Against Irresponsible Development and individuals Sumter County property owners T. Daniel Farnsworth, Russell Weir, Jack Burchill, Linda Latham and Terry Forsman appeal a final order of the Department of Community Affairs (“the Department”) finding an amendment to the future land use map of the Sumter County comprehensive land use plan “in compliance” with the Local Government Comprehensive Planning and Land Development Regulation Act (“the Act”), Chapter 163, Part II, Florida Statutes. We reverse.
In September 1996, Sumter County adopted by ordinance an amendment to its land use plan which changed the designation of the 610 acres of property at issue from “agricultural” to “planned unit development,” thereby permitting the development of 499 residential units. The Department reviewed the amendment and issued a notice of intent to find it in compliance with the Act. The appellants then filed a joint petition challenging that determination, and soon thereafter, the Department referred the petition to the Division of Administrative Hearings for a formal administrative hearing. The administrative hearing officer allowed appellee Prin-gle Communities, Inc., to intervene, conducted hearings, issued a recommended order finding the amendment in compliance, and forwarded the recommended order to the Department for disposition. The appellants submitted exceptions to the order.
In the final order, the Department addressed the appellants’ exceptions and found that the hearing officer had erroneously concluded that the plan amendment at issue revised the Sumter County future land use map by extending an urban expansion area to include the subject property. The Department determined that the record was devoid of competent, substantial evidence to support that finding and substituted a finding stating that the subject property was not within the urban expansion area. The Department then adopted the recommended order after also substituting an unrelated conclusion of law.
On appeal, the appellants contend, in part, that in the final order the Department erroneously found the amendment in compliance with internal plan provisions discouraging urban sprawl and erroneously applied an urban sprawl point scoring system from the plan which applies to development orders rather than plan amendments. Due to the urban expansion area boundary error, we find these arguments to have merit.
First, the appellants claim that the amendment violates the plan’s 50% open space ratio requirements for developments outside the urban expansion areas and violates the plan’s internal agricultural protection policy. In the final order, after inserting the new finding of fact regarding the urban expansion area boundary, the Department acknowledged that only 44% of the subject property would be open space after its proposed development. Regardless of this clear violation of the plan, the Department declined to reject the hearing officer’s finding of compliance, stating that the appellants had failed to spe *372 cifically object to this inconsistency. A review of the appellants’ exceptions to the recommended order shows, however, that they did sufficiently alert the Department to their objections on the urban expansion area boundary and “open space” issues.
Further, the appellants contend that the hearing officer should not have applied the plan’s internal indicator of urban sprawl to the consideration of a plan amendment. Under this indicator, points are assessed to determine the degree to which residential developments in agricultural areas utilize existing infrastructure, promote open space, conserve natural resources, and reduce urban sprawl. The hearing officer applied the point system to the amendment and calculated a score well above the minimum. While he noted that this was compelling evidence that the amendment did not encourage urban sprawl, he concluded that the point system was inapplicable because the amendment altered the urban expansion area to include the subject property. Although both parties contend that this plan policy does not apply to the amendment, the hearing officer’s finding indicates that policy would have applied had the urban expansion boundary been clarified. The hearing officer’s factual determination depended on the erroneous boundary assumption and calculations he made were more favorable for the appellees due to the assumption that the subject property was within the urban expansion area.
Since the Department issued a notice of intent to find the plan in compliance, in subsequent administrative proceedings challenging that conclusion, the plan “shall be determined to be in compliance if the local government’s determination of compliance is fairly debatable.” § 163.3184(9)(a), Fla. Stat. That deferential standard requires that the local government’s action be upheld if reasonable persons could differ as to its propriety. Martin County v. Yusem, 690 So.2d 1288, 1295 (Fla.1997); B & H Travel Corp. v. State Dep’t of Community Affairs, 602 So.2d 1362, 1365 (Fla. 1st DCA), appeal dismissed and review denied, 613 So.2d 1 (Fla.1992); Environmental Coalition of Fla., Inc. v. Broward County, 586 So.2d 1212, 1215 n. 4 (Fla. 1st DCA 1991).
However, under section 120.68(7)(b) and 120.68(10), Florida Statutes, this court is permitted to remand a ease to an agency if we find, without reweighing the evidence, that the agency’s action depends on any finding of fact that is not supported by competent, substantial evidence in the record of the proceeding. In addition, this court may remand a case to an agency where the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure. § 120.68(7)(c), Fla. Stat.
This court finds that the hearing officer’s erroneous finding of fact regarding the inclusion of the subject property in the urban expansion area so affected the recommended order that the Department’s substitution of a new finding of fact on that issue did not resolve the hearing officer’s error. Upon review, this court notes that several other findings of fact in the hearing officer’s recommended order are based upon the misconception that the amendment expanded the urban expansion area to include the subject property, including findings related to urban sprawl, open space rules and consistency with plan policies. Of these only the finding concerning the urban expansion area boundary was excluded from the final order. The Department’s final action in this case, therefore, depended on a finding of fact that is not supported by competent, substantial evidence in the record of the proceeding, and the fairness of the proceedings or the correctness of the action may have been impaired by the hearing officer’s material error in not applying the point system in light of the urban expansion area’s true boundary. Accordingly, the final order is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ„ concur.