772 So.2d 616 (2000)
MARTIN COUNTY, Appellant,
v.
SECTION 28 PARTNERSHIP, LTD., Appellee.
No. 4D98-2813.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
*617 Gary K. Oldehoff, Stuart, and Nancy E. Stroud, Susan L. Trevarthen and Edward F. Ryan of Burke, Weaver & Prell, Boca Raton, for appellant.
Charles L. Siemon of Siemon, Larsen & Marsh, Boca Raton, for appellee.
Robert P. Banks, Assistant County Attorney, West Palm Beach, Terrell K. Arline, Tallahassee and Sherry A. Spiers, Tallahassee, for Amicus Curiae-Florida Department of Community Affairs, Florida Association of County Attorneys, Florida Association of Counties, and 1000 Friends of Florida, Inc.
TAYLOR, J.
Martin County appeals from a final judgment on remand in favor of Section 28 Partnership, Ltd. The circuit court held that the county's refusal to grant appellee's requested comprehensive plan amendments, which sought increased residential densities, commercial development, and creation of a new urban services district, denied the developer substantive due process. The court awarded the developer $4,750,000 in damages. We reverse and remand for judgment to be entered in favor of Martin County.
This case spans nearly a decade of litigation between Section 28 Partnership, Ltd. ("the Partnership") and Martin County ("the County"). A more detailed account of events surrounding the developer's amendment applications is set out in this court's previous opinion. See Martin County v. Section 28 Partnership, Ltd., 676 So.2d 532 (Fla. 4th DCA 1996), rev. denied, 686 So.2d 581 (Fla.1996), cert. denied, *618 520 U.S. 1196, 117 S.Ct. 1553, 137 L.Ed.2d 701 (1997). Stated briefly, the Partnership obtained options on approximately 414 acres of property known as "Section 28" and purchased the remaining 222 acres. The Partnership wanted to develop the 636-acre property, previously designated as rural, agricultural, and agricultural ranchette, as a planned unit development (PUD) consisting of residential units, a golf course, clubhouse, and 50,000 square feet of retail and office space. Martin County rejected the Partnership's applications for amendments to its comprehensive growth management plan and future land use map.
The amendments sought to create an entirely new urban service district in the County's Comprehensive Plan which, along with concurrent map and text amendments and rezoning, would allow it to develop the Section 28 property more intensely. The County denied the requests for text and map amendments, partly because of the property's proximity to the environmentally sensitive Jonathan Dickinson State Park and the Loxahatchee River. The County denied the proposed amendment to establish a new urban service district, designated as an "Adjacent County Urban Service Area" (ACUSA), mainly because the development could not be served by urban public facilities within Martin County and would require the use of public services and facilities from adjoining Palm Beach County.
In June 1992 the Partnership filed a petition for writ of certiorari in the circuit court. The petition was denied, and the Partnership sought review by this court. Section 28 Partnership, Ltd. v. Martin County, 642 So.2d 609 (Fla. 4th DCA 1994), rev. denied, 654 So.2d 920 (Fla.1995) (Partnership I). Relying on Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993), we held that the County's decision against amendment of its comprehensive plan was legislative rather than quasi-judicial, and, therefore, certiorari review by the circuit court was not available.
After reviewing de novo the County's denial of the Partnership's amendment applications, the circuit court determined that the County's action involved the application of adopted policy. It then concluded that the County's refusal to grant the applications for development approval and its continued application of the land use designations to Section 28 (agricultural, agricultural ranchette, and rural) were arbitrary and capricious. The court found that the County's action denied the Partnership substantive due process under the state and federal constitutions and awarded $100,000 in damages. The court also granted the Partnership injunctive relief and $100,000 in damages for the taking of its property without just compensation.[1]
The County again appealed to this court. In Martin County v. Section 28 Partnership, Ltd., 676 So.2d 532 (Fla. 4th DCA 1996), rev. denied, 686 So.2d 581 (Fla. 1996), cert. denied, 520 U.S. 1196, 117 S.Ct. 1553, 137 L.Ed.2d 701 (1997)("Partnership II"), we held that the trial court committed reversible error because it failed to apply the deferential "fairly debatable" standard when reviewing the County's action on the proposed amendments and resolving the substantive due process claims. We quashed the order for injunctive relief and vacated the damages awarded for violations of substantive due process. We also reversed the damage award of $100,000 for an unlawful taking, determining that the record did not justify upholding the takings claim. Noting that the trial court did not have the benefit of our opinion in Partnership I when it applied the incorrect strict scrutiny standard, we remanded the case to the trial court with instructions *619 to apply the fairly debatable standard of review to the related substantive due process claims and issues concerning the County's denial of the developer's application. Id. at 536.
The Partnership petitioned for discretionary review by the Florida Supreme Court, arguing that the taking decision was incorrect. The supreme court denied the petition. 686 So.2d 581. The United States Supreme Court also denied the Partnership's petition for certiorari on the taking decision. 520 U.S. 1196, 117 S.Ct. 1553.
On remand, the parties agreed that a new evidentiary hearing was unnecessary, since the court had already heard about 13 days of testimony from 30 or more witnesses and received approximately 200 items of evidence during the 1994 trial. After hearing argument of the parties, the trial court again found that the County's refusal to enact the comprehensive plan amendments denied the Partnership substantive due process and entered a final judgment on remand awarding the same injunctive relief on the substantive due process and taking claims as in the 1994 judgment and the same monetary damages on the substantive due process claim. Later, claiming that the injunctive relief had been rendered worthless, the Partnership sought modification of the final judgment to convert the injunctive relief on substantive due process into additional monetary damages. The circuit court entered a final order modifying its final judgment on remand, awarding $4.75 million in damages. This appeal by the County followed.
The County argues that on remand the trial court failed to properly apply the fairly debatable standard in reviewing the evidence submitted in support of the County's denial of the requested comprehensive plan amendments. Consequently, the court erred in concluding that the County violated the Partnership's substantive due process rights. We agree.
Although an appellate court must defer to the trial court's resolution of disputed issues of fact, the question of whether a governing body's actions are arbitrary and capricious is one of law. Dugan v. City of Jacksonville, 343 So.2d 103, 105 (Fla. 1st DCA 1977). We, therefore, review the trial court's application of the "fairly debatable" standard de novo.
The Florida Supreme Court clarified that amendments to comprehensive land use plans are legislative decisions subject to the fairly debatable standard of review. Martin County v. Yusem, 690 So.2d 1288 (Fla.1997). The fairly debatable standard of review is "highly deferential" and requires approval of a planning action if reasonable persons could differ as to its propriety. Id. at 1295 (citing B & H Travel Corp. v. State Dep't of Community Affairs, 602 So.2d 1362 (Fla. 1st DCA 1992)). As the court further explained, `[a]n ordinance may be said to be fairly debatable when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction that in no way involves constitutional validity.' Id. (quoting City of Miami Beach v. Lachman, 71 So.2d 148, 152 (Fla.1953)).
In this case, the trial court awarded damages on the Partnership's substantive due process claim. As we ruled in Partnership II, the court was required to apply the fairly debatable standard of review in resolving this claim. Recognizing the close relationship between the fairly debatable standard and the review of substantive due process claims, we stated:
Turning to the Partnership's substantive due process argument, we find that the issues concerning these claims and Martin County's refusal to amend its comprehensive plan and the consequent denial of the development application are inextricably intertwined.

676 So.2d at 537 (emphasis added).
In our recent opinion in Gardens Country Club, Inc. v. Palm Beach County, 712 So.2d 398, 404 (Fla. 4th DCA 1998), we *620 discussed how substantive due process claims are evaluated:
Substantive due process challenges are analyzed under the rational basis test; that is, a legislative act of the government will not be considered arbitrary and capricious if it has "a rational relationship with a legitimate general welfare concern." Restigouche, Inc. v. Town Of Jupiter, 59 F.3d 1208 (11th Cir.1995)(quoting Corn v. City of Lauderdale Lakes, 997 F.2d 1369, 1388 (11th Cir.1993), cert. denied, 511 U.S. 1018, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994)).
Here, the Partnership failed to prove that the County's decision against amending its comprehensive plan lacked "a rational relationship with a legitimate general welfare concern." It did not meet its burden to show that the County's action was so unreasonable and arbitrary as to not be even "fairly debatable." On the other hand, the County presented an overwhelming amount of evidence demonstrating, beyond a fair debate, that the land use and urban service area designations, as applied to Section 28, as well as the accompanying zoning regulations, were reasonable from a planning, economic, environmental, and fiscal responsibility standpoint. It showed that its denial of the Partnership's proposed amendments was substantially related to a governmental interest. See generally Tampa-Hillsborough County Expressway Auth. v. A.G.W.S. Corp., 640 So.2d 54 (Fla.1994); see also Agins v. City of Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980)(low density zoning is a reasonable means to a legitimate goal of discouraging premature and unnecessary conversion of open space to urban uses); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922 (Tex.1998)(citing numerous cases illustrating broad range of governmental purposes to uphold a property regulation in the face of a constitutional challenge).
The considerable evidence supporting the County's decision not to amend its plan included testimony from prominent experts, whose qualifications in their respective fields were unchallenged by the Partnership. Dr. John DeGrove, professor and administrator of the Joint Center for Environmental and Urban Problems for FAU and FIU, testified that the County's comprehensive plan is reasonable and better than most at the county level in Florida, in that it addresses the minimum requirements of the statutory Growth Management System. He stated that the plan is reasonable as applied to Section 28, and that it is appropriate because Martin County has made a commitment to provide for services only in existing urban service areas. In his opinion, the County's plan ensures that development is well planned in order to prevent urban sprawl over different areas of the county.
Dr. Nicholas, a professor at the University of Florida in the Department of Urban Regional Planning, stated that maintaining Section 28 for agricultural use is the best solution for the County. He disputed the economic feasibility of a village center and golf course community on Section 28, and explained that, from an economic perspective, considering simple population growth, a growth in housing, personal income, income per capita, agricultural output, and the index of poverty, the County's current plan promotes economic development.
Dr. Brown, a scientist in the Department of Environmental Engineering Sciences, testified that agricultural uses provide a good transition from highly developed urban areas into environmental or natural areas. He found the County's plan to be reasonable in protecting natural resources and insuring that the resources of the County and the particular property at issue are protected for the future. According to Dr. Brown, the plan provides for a logical progression in density from the urban areas in Stuart (a neighboring city) to the natural and agricultural portions of the County, by lowering the densities as one moves out, thus insuring that the County is not providing services to areas that are in the *621 middle of fairly undeveloped areas. Furthermore, the Plan preserves all wetlands and suggests that if there are unavoidable impacts, then it will provide for mitigation of the adverse impact.
The record contains sufficient evidence establishing that the County's comprehensive plan policies are based on rational and sound planning principles, designed to preserve agricultural lands, protect wetlands and environmental resources, ensure the efficient use of public resources, and discourage urban sprawl. The Partnership's request to develop Section 28 at a higher density than that for which the Plan provided, if granted at the time the developer purchased the property, would have impacted not only the surrounding environmentally sensitive area, but also the County's schools, roads, and other services and facilities. The south county region, where Section 28 is located, is largely isolated by Jonathan Dickinson Park, which is mostly wilderness. The County has a substantial interest in developing only those areas within its Primary Urban Service Area, so that urban growth is well-planned, predictable, and economically sound. Thus, it cannot be said that the County's refusal to amend the Plan did not bear a substantial relationship to a legitimate governmental interest, as a matter of law.
Contrary to the Partnership's characterization of this case as "a relatively simple zoning case, complicated only by a formalistic requirement to amend the [Plan] and re-align the County's urban service area boundary to conform to state law and available public facilities," this case involves the Partnership's attempt to change the land use designation of Section 28 and force the County to approve a special urban service district for the sole benefit of the Partnership. The Partnership argues that because its land adjoins higher densities on its eastern boundary and an urban service district, the proposed change to Section 28 would be in conformity with the densities in Palm Beach County, and, therefore, inconsequential. We reject this argument because the adjacent tract of land with the Partnership's desired densities is in Palm Beach County, which is subject to a different comprehensive plan and a different governing body. Furthermore, as the County pointed out, the development would be dependent upon public services and utilities from an adjacent county, contrary to the County's plan to guide its future development and growth. § 163.3167(1)(b), Fla. Stat. (1997).
Simply stated, this case involves a legislative planning decision by the County to "maintain the status quo" in its comprehensive plan. The record before us contains abundant evidence supporting the County's decision, which was based upon its legitimate interest in maintaining low densities in an environmentally sensitive area and accomplishing growth management goals for the Section 28 property and the County as a whole. Where, as here, there is evidence in support of both sides of a comprehensive plan amendment, it is difficult to determine that the County's decision was anything but "fairly debatable." We conclude that the evidence established that there is at least a fair debate, and that reasonable minds could differ, as to the propriety of the County's actions. Therefore, the trial court's conclusion that the County's action was "irrational, arbitrary and capricious and do not bear some substantial relationship to the public health, safety and welfare" is erroneous as a matter of law. As such, we find that the trial court erred in finding a violation of the Partnership's substantive due process rights.
We reverse the judgment below and remand with directions to enter final judgment in favor of the County.
REVERSED AND REMANDED.
DELL and STONE, JJ., concur.
NOTES
[1] The finding of a taking was predicated upon the County's proposed requirement that the development, if approved, provide a 300-foot land buffer along the boundaries of the Jonathan Dickinson State Park. See Martin County v. Section 28 Partnership, Ltd., 676 So.2d at 536.