SAWAYA, J.
Lloyd Creel appeals the final order entered by the District Board of Trustees of Brevard Community College (the Board) terminating his employment as a maintenance supervisor at Brevard Community College. The Board’s final order adopted the recommended order of the Administrative Law Judge (ALJ). Creel argues (1) that the ALJ erred in his recommended conclusion of law that Creel had no reasonable expectation of employment after June 80, 1999, and (2) that there was no competent substantial evidence in the record to support such a conclusion. Because the issue of Creel’s employment expectations was not properly before the ALJ, we set aside that portion of the Board’s order terminating Creel’s employment.[1]
Creel, a nineteen-year employee at Bre-vard Community College with average to outstanding reviews, was terminated from his employment because his driver’s license was suspended for six months following a DUI conviction. The DUI occurred after work hours and while Creel was in his own vehicle. Creel asserted that termination was too severe a disciplinary action under the facts and circumstances and challenged his termination in a hearing before the ALJ.
At the hearing, Creel introduced evidence that he had a hardship driver’s li *1286 cense and had not missed a single work obligation because of the suspension of his license. He further introduced evidence of three other Brevard Community College employees who had received DUI convictions but who had not been terminated from their employment because of their convictions. The ALJ agreed that termination was too harsh and recommended that the appropriate sanction be suspension without pay. However, the ALJ went one step further. It also ruled that because Creel was employed on an annual basis and was not an instructional employee, “no rule, statute or policy gave [Creel] the expectancy of continued employment beyond the fiscal year ending June 30, 1999.” Accordingly, the ALJ ruled that the Board could properly terminate Creel’s employment at the end of the fiscal year. This was error.
The ALJ was asked to determine whether the penalty of termination was too harsh for the circumstances. The ALJ acknowledged that this was the issue, setting forth in its recommended order that the issues for consideration were: “whether [creel], following his conviction for driving under the influence of alcohol, was properly terminated from his employment by [the Board] on January 29, 1999, [the date of the DUI conviction]” and “Whether [Creel’s] termination was an unreasonable and too severe disciplinary action under the facts and circumstances of this case.” (Emphasis added). Rather than confining itself to the stated issues, however, the ALJ expanded the scope of the issues presented when it ruled that while termination on January 29, 1999, was not an appropriate penalty, the Board could properly terminate Creel as of June 30, 1999, because that was the end of the one-year contract between Creel and the Board.
Not only was the ALJ not asked to determine whether the Board could have properly terminated Creel at the conclusion of the June 30, 1999, contract period, there was no evidence as to what Creel’s contract terms were, if indeed he had a contract. The issue was not tried by consent in this case, either. The transcript shows that the references, meager as they were, to Creel’s employment terms were mere “asides,” i.e., given as collateral information. There was no issue, evidence, or argument presented regarding whether Creel had a reasonable expectation of employment past June 30, 1999, a property interest in his employment, or a due process right to continued employment. For that to have been an issue properly before the ALJ, Creel would have had to have notice that that issue was before the ALJ for determination. See Smith v. Unemployment Appeals Comm’n, 751 So.2d 639, 640 (Fla. 1st DCA 1999) (“Due process requires that the claimant receive proper notice of the issues to be heard or expressly waive such notice; otherwise the claimant is deprived of a fair hearing.”).
Additionally, while the Board is correct that Creel did not have a property interest in his job after the contractual year expired (assuming he had a contract), the testimony by the Director of Human Resources for Brevard Community College was that if Creel had not lost his license, Creel would have continued in his employment at the college. This testimony is in line with the undisputed evidence that Bre-vard Community College had an unwritten policy of not terminating employees for *1287 DUI convictions. Thus, once the ALJ determined that termination of employment for the six-month loss of the license was too harsh, the only evidence before the ALJ was that Creel would in fact have been employed after the end of the contract period.
Pursuant to section 120.68(7)(c), this court is required to remand to the agency or set aside the agency’s action when “[t]he fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.” That is the case here. By addressing whether Creel had a reasonable expectation of continued employment without that issue being noticed or otherwise raised or argued at the hearing, the ALJ deprived Creel of procedural due process. Thus, we set aside that portion of the Board’s order terminating Creel’s employment after June 1999, as it was based upon the ALJ’s improper determination of that issue. We otherwise affirm the remainder of the order finding that suspension would be the appropriate sanction.
AFFIRMED in part; REVERSED in part.
PLEUS and ORFINGER, R. B., JJ„ concur.

. See § 120.68(7), Fla. Stat. (2000); Sumter Citizens Against Irresponsible Dev. v. Department of Cmty. Affairs, 730 So.2d 370, 372 (Fla. 5th DCA 1999) ("[U]nder section 120.68(7)(b) and 120.68(10), Florida Statutes, this court is permitted to remand a case to an *1286 agency if we find, without reweighing the evidence, that the agency's action depends on any finding of fact that is not supported by competent, substantial evidence in the record of the proceeding. In addition, this court may remand a case to an agency where the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure. § 120.68(7)(c), Fla. Stat.").