FARMER, J.
In this dependency proceeding, the trial court found that all of the minor children in the care of appellants were affected by the parents’ conduct and declared them dependent. On appeal appellants argue that the evidence does not support the findings of the trial judge. We disagree and affirm.
The evidence at trial contained an admission by the father as to sexual abuse of his step-daughter. There was also evidence that the mother knew of the sexual abuse and did nothing to halt continuing conduct by the father after his return to the home or to protect their children from further abuse or the consequences of the original acts. DCF also presented testimony from a psychologist who opined that all the children were exposed to a continuing danger from repetition of the father’s conduct and the mother’s refusal to take protective steps in the children’s best interests.
In order for a child to be adjudicated dependent, DCF must establish its allegations by the greater weight of the evidence. § 39.507(b), Fla. Stat. (2001); In the Interest of M.F., 770 So.2d 1189, 1192 (Fla.2000). A court’s final decision as to dependency “is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record.” 770 So.2d at 1192. The court has defined competent, substantial evidence as
“ ‘such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred (or) ... such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.’ ”
Duval Util. Co. v. Fla. Public Serv. Comm’n, 380 So.2d 1028, 1031 (Fla.1980) (quoting DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957)).
Despite the father’s argument to the contrary, there is substantial, competent evidence to support a finding as to the step-daughter.[1] In 1992, the mother found the father in that child’s room in the middle of the night engaging in sexual abuse. *243 The father later returned to the home without any professional intervention. Dr. Morin testified that “there is no reason to expect that future behavior will be different than past behavior” because of the father’s lack of counseling and acceptance of responsibility. Years after the father’s return to the home, the step-daughter was involuntarily committed for threatening suicide because she “was worried about the father and what had previously happened with the father.” It was then discovered that the step-daughter had a chain and a dead-bolt lock on her bedroom door because she “wanted the locks on her door.” The court’s finding of dependency was not based solely upon the 1992 allegations as the father claims. A reasonable mind could accept this evidence as adequate to support the conclusion that the step-daughter was exposed to a substantial risk of imminent abuse.
Likewise, DCF presented substantial, competent evidence that the stepdaughter was also exposed to the danger of the father’s abuse as a result of the mother’s unwillingness to take protective measures against the risk of the father’s conduct. The mother admitted to finding her daughter and the father engaging in sexual activity. The mother stated to a detective that her child was “scared like a rabbit” of the father, yet she refused to take any steps to ensure that the same kind of acts would not be repeated. The mother even allowed the father to return to the home without counseling. Her denial of the abuse and her adamant protection of her husband could lead a reasonable finder of fact to conclude that her behavior has already, and will in the future, adversely affect her daughter.
Turning next to the issue of whether the younger children of both parents were properly found dependent, we note the trial court’s express finding that these children were unreasonably exposed to future abuse by their father. The trial court’s finding in this regard is based on the testimony of the psychologist who testified on behalf of the DCF. The psychologist thought the father posed a strong risk of repeating his past conduct of sexual abuse. The psychologist’s conclusions were not based merely on the fact of the father’s prior conduct. He pointed first and foremost to the father’s avoidance of treatment and the mother’s willingness to admit him back into the home after several years of incarceration for sexual abuse. The psychologist stressed the importance of treatment and counseling for men who molest children. He also emphasized the father’s continuing attempts to downplay the seriousness of his conduct and his refusal to accept responsibility for his actions.
In M.F., the court concluded that a “simple showing by DCF that a parent committed a sex act on one child does not by itself constitute proof that the parent poses a substantial risk of imminent abuse or neglect to the child’s siblings.” 770 So.2d at 1194; see also § 39.01(11), Fla. Stat. (2001). The court held that the prior act is relevant but that all the surrounding circumstances should be considered. 770 So.2d at 1194. Such circumstances may include “[a]ny similarity between the prior act and pending case; the temporal proximity of the prior act to the pending case; any treatment received by the parent following the act; and the expert testimony (if appropriate) of professionals and experts.” 770 So.2d at 1194. Accordingly, the court held, even though it was error to adjudicate all of the children dependent based upon a conviction for sexual abuse, the trial court’s determination should be upheld because of all of the factual surrounding circumstances. 770 So.2d at 1194.
*244 We apply the same analysis here. The prior incidents of abuse were but one piece of relevant evidence, and the trial court properly considered all other facts and circumstances. The children were found dependent as to both parents, not solely because of the earlier acts of abuse, but instead because of the unreasonable risk of danger currently existing to the children. As we have already said, there is substantial competent evidence to support that finding.
WARNER, J„ and ROBY, WILLIAM L., Associate Judge, concur.

. We assume without deciding that a dependency proceeding might properly lie against a step-parent.