ON MOTION FOR REHEARING AND REQUEST FOR WRITTEN OPINION

PER CURIAM.
We deny G.P.’s motion for rehearing, but withdraw our previous per curiam opinion dated January 22, 2013, and substitute the following opinion in its place.
G.P., the father, appeals an adjudication of dependency as to his two biological children, J.P. and S.P. Citing In re M.F., 770 So.2d 1189 (Fla.2000), DCF conceded that evidence that G.P. had sexually abused his stepdaughter, standing alone, was insufficient to prove that there was a substantial risk of imminent abuse or neglect to his two biological children.
Here, however, evidence that G.P. sexually assaulted his stepdaughter was not the sole evidence relied upon by the trial court in finding that G.P. presented an imminent risk of harm to his two biological children. Through a combination of lay and expert witnesses, DCF presented evidence that there was a significant risk that G.P. would commit the same sexual acts on his biological children that he committed upon his stepdaughter. This evidence was sufficient to meet the burden set forth by our supreme court in M.F. See B.A.L. v. Dep’t of Children & Families of State of Fla., 824 So.2d 241, 244 (Fla. 4th DCA 2002) (“The prior incidents of abuse were but one piece of relevant evidence, and the trial court properly considered all other facts and circumstances. The children were found dependent as to both parents, not solely because of the earlier acts of abuse, but instead because of the unreasonable risk of danger currently existing to the children.”). We therefore affirm the dependency order.

Affirmed.

MAY, C.J., TAYLOR and CONNER, JJ., concur.